7332

## STATE v. WILLIAMS.

1. JURISDICTION—RECOGNIZANCE—MAGISTRATE COURT.—The Court of General Sessions has jurisdiction to estreat recognizances for the appearance of a party in a magistrate court.

2. RECOGNIZANCE—SURETY.—Continuance of a case in a magistrate court without consent of surety on recognizance does not release the surety.

3. IBID.—Whether a prosecution was instituted in good faith or is meritorious cannot be considered on a motion to estreat a recognizance.

4. A RECOGNIZANCE IN A MAGISTRATE COURT requiring a defendant to appear and answer to a bill of indictment for adultery is sufficient to require him to appear at a preliminary examination on charge of adultery.

5. Jurisdiction of magistrate court in criminal case does not depend on residence of defendant, but on place where crime was committed.

6. Exceptions.—Objections to the form and substance of papers cannot be considered where they are not set out in the record.

7. Recognizance.—Statement in record that defendant failed to appear is sufficient to support estreat of recognizance whether the record shows he was called or not.

8. A recognizance may be estreated for failure to appear at a preliminary in a magistrate court, although defendant was represented by counsel who demurred to the information and warrant and appeal was pending from ruling of magistrate on the demurrer.

Before Prince, J., Anderson, May, 1908. Reversed.

Proceeding by State to estreat the recognizance of Fannie Bridges and W. W. Williams. From Circuit order dismissing the rule, the State appeals.

*Solicitor Julius E. Boggs* and *Samuel M. Wolfe,* for appellant. *Mr. Wolfe* cites: *Magistrate may bail for preliminary:* Sec. 24, Code of Proc. *Such bail-bonds estreated in Court of General Sessions:* Sec. 85, Code of Proc. *Court of General Sessions has exclusive jurisdiction in such cases:* 67 S. C., 203. *Suit on bail-bond in Court of Common Pleas not the proper procedure:* Id. *Surety held responsible in default, the continuance notwithstanding:* 138 N. C., 560; 121 Ga., 594. *Necessary that defendant appear in person and plead in misdemeanors:* 8 Rich., 21; 19 S. C., 282. *Warrant and affidavit sufficient:* Sec. 291, Code of Criminal Law. *Offense sufficiently charged:* 41 Tex., 549; 3 A. & E., 697, 698; 3 A. & E., note c., 697; 62 S. E., 501; 107 Ga., 693; 125 N. C., 628; 14 S. C., 380; 40 S. C., 298. *Recognizance good:* Sec. 84, Code of Proc.; Sec. 85, Id.; vol. 3, A. & E., 694, and note, 687; 67 S. C., 203. *But if warrant defective and void, and, therefore, recognizance, warrant may be amended at any time before trial:* Sec. 20, Code of Proc.; 51 S. C., 321. *And, therefore, support recognizance. Defendant, by appearing and giving bail,*

*waived right to demur to regularity of proceedings:* 5 Cyc., 103-4-5; A. & E., 690; 46 Fed. Rep., 569. *One who pleads to merit, after demurrer overruled, cannot question jurisdiction on appeal:* 43 S. C., 381. *Record doesn't show failure to call principal, and this alone can be considered on appeal:* 70 S. C., 413. *Only such alleged errors as are involved in the record, and have been considered by the lower court, can be reviewed on appeal:* 42 S. E., 672; 100 Va., 59.

*Messrs. Martin & Earle,* contra, cite: *Jurisdiction:* Con., art. V, sec. 18; 13 S. C., 346. *Indefinite continuance exonerates surety:* 3 Ency. P. & P., 187, 235-6; 9 Wall., 13. *Conditions are impossible:* 9 Wall., 13; 19 S. C., 280. *As to calling defendant:* 3 Ency. P. & P., 237; 70 S. C., 409.

October 22, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. On September 25. 1907, the respondent became surety on the recognizance of Fannie Bridges for her appearance in the court of a magistrate. The condition of the recognizance, in so far as the questions decided are affected, was as follows: "That said Fannie Bridges shall personally appear before the court of magistrate B. F. Wilson, in the court aforesaid, in Anderson county, on the second day of October, at ten a. m., then and there to answer to a bill of indictment to be preferred against Fannie Bridges for adultery, and to do and receive what shall be enjoined by the court, and not depart the court without license," etc.

The defendant appeared on the 2d of October, but the hearing was continued indefinitely by agreement of the attorneys representing the prosecution and defense. The case was called on December 10th, but the defendant failed to appear, and it was again continued by consent of the attorneys. It was again called on December 18th, and the

defendant again failed to appear. The attorneys for both sides announced themselves ready to proceed with the hearing, but the magistrate refused to proceed in the absence of the defendant, and sent the recognizance to the Court of General Sessions to be estreated.

A rule was issued against the respondent, requiring him to show cause why the recognizance should not be estreated. He made return, setting forth, in substance, the following grounds:

1. That the prosecution was not *bona fide,* but was commenced solely for the purpose of forcing the defendant to remain within the jurisdiction pending the decision of her right to the custody of her child.

2. That the recognizance was void, because the condition was that the principal should appear in a magistrate's court and answer a bill of indictment to be preferred against her for adultery; whereas, magistrates' courts have no jurisdiction to prefer such a bill, or to answer thereto.

3. That the condition required the principal to appear and "to do and receive what shall be enjoined by the court," which relates to the sentence; whereas, magistrates' courts have no jurisdiction to impose sentences in such cases.

4. That the magistrate had no jurisdiction of the offense charged, because the defendant resided in Oconee county during the whole time referred to in the information and warrant.

5. That the information stated no offense.

6. That the case was continued on October 2d, without the consent of the surety.

7. That it does not appear that the defendant was called at the door of the court house, or at the office of the magistrate.

8. That the State had waived its right to require the personal appearance of the defendant by announcing itself ready to proceed with the hearing in her absence, and by arguing her demurrer to the information and warrant, and

because an appeal was pending from the order of the magistrate overruling said demurrer.

9. That the defendant had waived her right to be present, and had appeared by attorney.

10. That it does not appear that any judgment was obtained against the defendant, and return of *non est inventus* thereon.

The Circuit Judge held that the Court of General Sessions has no jurisdiction to estreat a recognizance conditioned for the appearance of a party in a magistrate's court. He also held that the continuance of the cause on October 2d, without the consent of the surety, in effect, made a new contract, and the surety was thereby released, and he discharged the rule. The other grounds set up by the respondent were held to be insufficient.

From the order of the Circuit Court the State appealed, and the respondent gave notice that he would rely, in this Court, upon the grounds which had been held insufficient to sustain the judgment of the Circuit Court.

By sections 84 and 85 of the Criminal Code, jurisdiction is conferred upon the Court of General Sessions to estreat recognizances for the appearance of any person at any court of criminal jurisdiction within this State.

Those sections are as follows: Section 84. "In all recognizances by any person for keeping the peace, or good behavior, or for appearing as a party, surety or witness at any court of criminal jurisdiction within the State, the sum or sums of money in which any such persons shall be bound shall be made payable to the State; and every such recognizance shall be good and effectual in law, provided it be signed by every party thereto in the presence of a Judge, clerk of a Court of Common Pleas, magistrate, or notary public, who shall sign the same as a witness."

Section 85. "Whenever such recognizance shall become forfeited by non-compliance with the condition thereof, the attorney-general, or solicitor, or other person acting for him,

shall, without delay, issue a notice to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of General Sessions, to show cause, if any he has, why judgment should not be confirmed against him; and if any person so bound fail to appear, or, appearing, shall not give such reason for not performing the condition of such recognizance as the Court shall deem sufficient, then the judgment on such recognizance shall be confirmed."

His Honor also erred in holding that the continuance of the case released the surety. The condition of the recognizance is not only that the principal shall personally appear at the Court, and at the time therein specified, but also "to do and receive what shall be enjoined by the Court, and not depart the Court without license." In some of the cases it has been said that the words, "to do and receive what shall be enjoined by the Court," refer to the sentence. While that is correct, they are comprehensive enough to embrace other matters also, and to require the attendance of the party bound from time to time, as ordered by the Court, and until the case is finally disposed of. It has been held in this State that an order of the Court, at which a party is bound to appear, is necessary to a final determination of the case, and that the finding of "no bill" by the grand jury, or the entry of a *nolle prosequi,* does not end the case or discharge the recognizance. *Whaley* v. *Lawton,* 57 S. C., 256, 35 S. E., 558.

"A recognizance binds the principal not only to appear, but to abide the judgment of the Court, and not to depart thence without its leave; and if the principal be ordered to execute a new bond, either to keep the peace for a specified period, or for his appearance at a subsequent term, or before another court, and he depart without complying with the order, it is a breach of the recognizance." 3 A. & E. Enc., 715.

The character of the prosecution, and whether it was instituted in good faith, or is meritorious and well-founded, cannot be considered on a motion to estreat the recognizance of the defendant.

The objection, that the condition of the recognizance requires the defendant to answer a bill of indictment to be preferred against him for adultery, cannot be sustained. Recognizances and other papers in magistrates' courts are, as a rule, prepared by persons who are not learned in the law, and the courts are not inclined to lend too ready ears to technical objections to them. The charge against the defendant was adultery. The magistrate had jurisdiction to investigate it and decide whether it was well or ill-founded; and if he found that it was probably true, it was his duty to bind the defendant over to the Court of General Sessions, where she would have been required to answer to a bill of indictment for adultery. While the defendant was not required to answer the charge in the magistrate's court, she was required, by the condition of her recognizance, to appear there at the preliminary investigation of it. In the case of *The State* v. *Rowe,* 8 Rich., 17, it was held that a variance between the warrant and the recognizance was not fatal to the validity of the recognizance. In that case the warrant charged the defendant with forgery. The recognizance stated the charge to be fraud or forgery. The recognizance was held good. In this case the language used sufficiently charges the defendant with the crime of adultery.

The jurisdiction of the magistrate's court does not depend upon the residence of the defendant. She may have been a resident of one county and have been guilty of adultery in another county.

Those objections which question the form and substance of the information and warrant cannot be considered by this Court, because the "Case" does not contain copies of those papers.

It does not appear in the "Case" that the defendant was not called at the magistrate's court. It is stated that she failed to appear. If she had been present at the magistrate's court, that fact should have been made to appear, and would have been sufficient to prevent the estreating of her recognizance.

The fact that the attorney who represented the prosecution announced himself ready to proceed with the hearing, and argued the defendant's demurrer to the information and warrant, was not a waiver of the right of the State to have the recognizance estreated. Nor does the pendency of an appeal from the order of the magistrate overruling the demurrer affect the State's right. The condition of the recognizance was broken, and the State had the right to have it estreated when the defendant failed to appear at the magistrate's court, according to the condition thereof, and that even though the magistrate had proceeded with the hearing in her absence.

While the defendant might waive her right to be present at the hearing, she could not waive the right of the State to require her presence. A recognizance may be estreated for failure to personally appear even before trial or conviction. *State* v. *Minton,* 19 S. C., 280.

The judgment of the Circuit Court is reversed, and the case remanded to that Court for such further proceedings as may be proper.