15522

### NICHOLS v. PATTERSON, ACTING SUPERVISOR

(25 S. E. (2d), 155)

February-ary, 1943.

*Mr. Rufus Fant, Solicitor,* of Anderson, S. C., for The State, Appellant,

*Mr. Edwin G. Patterson,* of Anderson, S. C., appeared as Counsel for Respondent.

April 1, 1943.

The unanimous opinion of the Court was delivered by CIRCUIT JUDGE WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE:

Roy Nichols, a convict serving time upon the public works of Anderson County, alleging that he was entitled to his liberty by reason of reduction of his sentence for good behavior, was granted a hearing by means of a writ of habeas corpus before Honorable E. H. Henderson, presiding Judge.

Judge Henderson denied Nichols any relief as to the claimed reduction in the sentence. Notice of intention to appeal to this Court was served, and Judge Henderson, on petition of Nichols, issued an order releasing him from confinement on bail pending the hearing and disposition of his appeal.

From the order granting bail the State of South Carolina now prosecutes this appeal.

There is a marked difference in the matter of the right of one to bail before conviction and after conviction. The reason is that before conviction the law presumes him to be innocent, and after conviction the law presumes him to be guilty.

Before conviction it is mandatory to grant bail, except for capital offenses when the proof is evident or the presumption great. Constitution, Art. 1, § 20.

After conviction, however, the matter of granting bail is not mandatory, but discretionary.

In the case of *State v. Satterwhite*, 20 S. C., 536, this Court stated the rule as follows: "The Court of Sessions and the judges thereof, like the Court of King's Bench in England, have the power to admit persons to bail in all cases, even after conviction, but that it is a power * * * to be exercised with due discretion, and after conviction with extreme caution."

Section 1031 of the Code provides that pending an appeal to this Court the defendant shall still remain in confinement until he give bail in such sum and with such sureties as to the Court shall seem proper, but that bail shall not be allowed in case the defendant has been convicted of a capital crime.

And Section 1032 of the Code provides that no Justice of the Supreme Court, or any Circuit Judge, pending an appeal, shall grant bail to any person who shall have been convicted of any offense the punishment whereof is death, or imprisonment for life, or imprisonment for any term exceeding ten years.

"As a general rule the allowance of bail after conviction is a matter of discretion and not of right." 8 C. J. S., Bail, § 36, page 68.

"Important considerations in the discretionary allowance or refusal of bail pending appeal include the probability of reversal, the nature of the crime, the possibility of escape, and the character and circumstances of accused." 8 C. J. S., Bail, § 36, page 72.

As stated in the chapter of *Corpus Juris Secundum* dealing with the subject of the allowance of bail after conviction, the applicant is not required to show that he is entitled to a reversal. However, the Court in exercising its discretion should consider the probabilities

of a reversal, and should not allow bail where the record shows that the errors assigned are frivolous or the appeal taken merely for delay, or where there is no reasonable ground or probable cause for the appeal

In the case before us we have a convict sentenced to hard labor upon the public works of Anderson County, and who has served a portion of the sentence. He claims that he is entitled to his liberty because of his right to a reduction of the sentence for good behavior. Upon the denial by the Court of General Sessions of the claimed reduction he has served notice of appeal to the Supreme Court.

Section 1031 of the Code provides that the service of the notice of appeal shall operate as a stay of the execution of the sentence until the appeal is finally disposed of, and that pending such appeal he shall remain in confinement until he give bail in such sum and with such sureties as to the Court shall seem proper.

The granting of bail pending the appeal to the Supreme Court was a matter within the sound discretion of Judge Henderson.

In the exercise of this discretion the trial Judge should take into consideration the existence of the probability of a reversal, the enormity of the charge, the danger that if freed the accused will commit a crime of like character, the probability of a forfeiture of the bail and escape, the character and reputation of the accused and his surrounding circumstances, such as his recent convictions, if any, of other or similar offenses, as well as his personal attitude toward society and government.

We have no doubt that Judge Henderson took into consideration all of these matters in granting bail. We are unwilling to hold that he abused his discretion.

It necessarily follows that the order granting bail must be affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.