15678

TOWN OF MAYESVILLE v. O'NEILL McCUTCHEON
*EX PARTE*: SHAW McCUTCHEON
(31 S. E. (2d), 390)

*Mr. Raymon Schwartz,* of Sumter, S. C., Counsel for Appellant,

*Mr. Champion M. Edmunds,* of Sumter, S. C., Counsel for Respondent,

September 15, 1944.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

This case comes to this Court by way of appeal from the Court of General Sessions of Sumter County upon the following statement of facts.

One O'Neill McCutcheon was arrested for violation of two ordinances of the Town of Mayesville, to wit, disorder-

ly conduct and resisting an officer in the discharge of his duties.

A bond of $32.00 was required for the appearance of the defendant in the municipal court, which bond was filed.

The two cases were called for trial subsequent to the filing of the recognizance bond, and upon the call of the cases, the defendant raised the question, *inter alia*, that he could not be properly tried, in that the jurors who were selected to try him were impaneled in accordance with Sections 952 and 3711 of the Code, relating to trials in the Magistrates' Courts, and were not drawn from a jury box, as provided by Section 7452 of the Code of 1942. Resting his case upon his position, the defendant refused to offer any testimony. His motion to quash the venire was overruled, and the cases were submitted to the jury as drawn, which returned a verdict of guilty in both cases. The Court imposed a sentence of $75.00 or thirty days in each case, making a total of $150-.00 fine for the two cases. Whereupon, Raymon Schwartz, Esq., who was representing the defendant, stated: "We will arrange the bond, and I will put up $150.00, not as a fine, but as an appeal bond, and I would like to get a receipt for that amount in my name as attorney, as an appeal bond." The $150.00 appeal bond was paid to the town of Mayesville. It was furnished by Shaw McCutcheon, the father of the defendant, and appellant herein; and upon the payment, by the said appellant herein, and through the said Raymon Schwartz, attorney, the following receipt was issued by the town clerk and treasurer:

"August 10, 1943

Received of Raymon Schwartz $150.00. Being an appeal bond filed as attorney for the Defendant in the case of the Town of *Mayesville v. O'Neill McCutcheon.*

D. C. WEBSTER,
*City Clerk and Treasurer."*

From the judgment of the Court the defendant, O'Neill McCutcheon, appealed to the Court of General Sessions for Sumter County, upon several grounds; and on December 3, 1943, the Honorable E. H. Henderson, Presiding Judge of the Third Circuit, filed his order sustaining the defendant's appeal with reference to the drawing of the jury, holding in part: "The failure to have a jury box was, I think, material matter in this case * * *. The right to trial by jury is a fundamental right, and it is, of course, better to have the case tried again than to deny a citizen any provision of law guaranteeing to him a trial by jury * * *. It is accordingly ordered that the judgment of the Intendent of the Town of Mayesville upon the two cases be, and the same is hereby reversed, and the case is remanded to that Court for a new trial."

From the order of the Honorable E. H. Henderson no appeal was taken; and thereafter, on the 5th day of February, 1944, the Honorable Philip H. Stoll issued a rule to show cause why the $150.00 appeal bond, filed by the appellant herein, should not be returned to him, which was based upon the petition of the appellant.

To this rule to show cause, the Town of Mayesville duly filed its return, and upon the hearing of said rule the appellant took the position, first, that he was entitled to a refund of the whole appeal bond as filed by him in this case; and second, that if he was not entitled to a refund of the full bond, he was entitled to the difference between the original recognizance bond filed by the defendant for his appearance, and the amount of the appeal bond.

The Honorable Philip H. Stoll issued his order, denying the appellant herein the refund of the appeal bond so filed, or any part thereof. From this order, within due course, the appellant served notice of intention to appeal and does now appeal to this Court upon the following exceptions:

"1. His Honor erred, it is respectfully submitted, in not ordering and directing the Respondent herein to return and

refund to the Appellant herein $118.00 of the appeal bond filed by him in this case; the error being that the bond was filed solely for the purpose of appeal, and the judgment of the Court of the Intendent of the Town of Mayesville having been reversed, the Appellant was entitled to the difference between the appeal bond and recognizance bond.

"2. The alleged trial of the defendant in the Intendent's Court in Mayesville having been a void trial, or no trial at all, the Order of Judge Henderson amounted to a restoration of the status prior to trial; and since the recognizance bond amounted to only $32.00, the Appellant was entitled to the difference between the amount of the appeal bond filed by him, and the original recognizance bond; and his Honor erred in not so ordering that the difference be paid to Appellant herein.

"3. Under the order of Judge E. H. Henderson the judgment of the lower Court being a void judgment, the legal effect of such order in granting a new trial was to restore the status prior to the alleged trial of the defendant; and his Honor Judge Stoll should have ordered the Town of Mayesville to refund the appeal bond filed by the Appellant herein, in the sum of $118.00, being the difference between the original recognizance bond and the appeal bond filed by the Appellant herein."

There is no question before this court as to the right of the defendant to post a cash bond, therefore the only question to be considered is whether or not the Circuit Court erred in refusing to order and direct the Town of Mayesville to return to appellant Shaw McCutcheon the amount of $150.00, being the amount of the appeal bond, or $118.00, this being the difference in $150.00 deposited by appellant for the defendant, O'Neill McCutcheon, and the original appearance bond of $32.00 required by the municipality for the release of the defendant prior to trial.

After the defendant had been tried and sentenced by the Town of Mayesville be appealed to the Court of General Sessions upon the grounds heretofore stated and appellant herein, Shaw McCutcheon, posted with the municipality the sum of $150.00 as an appeal bond for the defendant. Upon the hearing of the appeal the Hon. E. H. Henderson, Presiding Judge, passed his order providing among other things that "the judgment of the Intendent of the Town of Mayesville upon the two cases be and the same are hereby reversed and that they be remanded to that Court for a new trial."

The appellant herein contends that upon the hearing of said appeals and the issuance of the order therein reversing the lower Court and remanding the cases for a new trial, the conditions of the bond have been met and the surety should be discharged from further liability; that the original appearance bond should then stand in the place of the defendant in exactly the same position as though no trial had been held.

Section 952 (6) of the 1942 Code of Laws of South Carolina provides in part as follows: "Such appeal may be taken either from the sentence of the mayor or from the sentence of the city council; but the appeal shall not operate to stay the execution of the sentence unless the appellant give[s] bond * * * *to abide [the decision of the appellate courts.]* (Italics added.)

The first appearance bond of $32.00 was for the purpose of requiring the defendant to appear for trial at the appointed time in the municipal court. This the defendant did, and thereby fulfilled the requirements of said bond, rendering it *functus officio*.

In the case of *State v. Heed*, 62 Mo., 559, cited in 20 A. L. R., 637, the Court said: "When the judgment of the Circuit Court was reversed by this court, no direct or specif-

ic order was made, that the defendant should appear in the circuit court, and undergo a new trial, but this was necessarily implied in the order remanding the cause to that court for another trial."

In the instant case the very nature of the order required the defendant, O'Neill McCutcheon, to appear before the Court of original jurisdiction for further proceedings. This the defendant, O'Neill McCutcheon, has not done, although Judge Henderson's order reversed and remanded the cases back from whence they came for that specific purpose and it cannot be said that he had *abided the decision of the appellate court* without so doing.

The object of permitting the accused to give bail is to allow him his freedom pending the outcome of the trial and at the same time assure the Court of his presence for trial.

The widely accepted rule, that a recognizance bond given on appeal from a conviction, for appearance in the appellate court, is generally held to require the defendant to appear in the trial court after the reversal of its judgment and the granting of a new trial and the sureties are liable if he fails to appear, is in the opinion of this Court just and sound.

It is therefore, the opinion of this Court that the order of Judge Stoll should be and is hereby affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, and OXNER concur.