17197

THE STATE, Respondent, v. SIMON SIMRING and CAROLINA CASUALTY INSURANCE COMPANY, Appellants

(94 S. E. (2d) 9)

*Messrs. R. K. Wise* and *A. Birge Wise, Jr.,* of Columbia, and *A. J. Hydrick, Sr.,* of Orangeburg, *for Appellants,*

*Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

August 7, 1956.

LEGGE, Justice.

This is an appeal from an order estreating an appearance recognizance. The exceptions are numerous, but only one essential issue is involved, to-wit: Is the State estopped to assert that the condition of the recognizance was breached by appellant Simring, the principal?

At the May, 1955, term of the Court of General Sessions for Orangeburg County, Simon Simring and Margaret E. Estes were jointly indicted on two counts, the first charging sale and distribution of obscene literature in violation of Section 16-414 of the 1952 Code, and the second, conspiracy thereabout. On May 10, 1955, Simring executed a recognizance in the usual form, in the amount of two thousand dollars, with Carolina Casualty Insurance Company as surety, conditioned for his apearance on the opening day of the September, 1955, term, then and there to answer to the indictment and "to do and receive what shall be enjoined by the court".

On the opening day of the term, September 12, Simring's counsel moved for a continuance because of alleged prejudicial newspaper publicity, and the cause was continued to September 19. On that day, the motion for continuance was renewed upon the same ground and upon the further ground that the defendant was unable to attend court because of a recent heart attack. In support of the latter ground his counsel offered a certificate by J. Rabinovitch, M. D., of New York, N. Y., dated September 13, 1955. The presiding judge, without expressly ruling on the motion, continued the matter until September 21.

On September 21 the case was called for trial. The defendant Estes was present with her counsel; the defendant Simring was not present, but was represented by his counsel. The solicitor, in response to the court's inquiry, stated that as to Simring he was asking not for a trial, but for a rule to estreat his bond, and for a bench warrant. Thereupon, fol-

lowing a conference with counsel for the defendant Estes, the solicitor agreed to accept from her a plea of guilty as to the first count, and to recommend that she be given an alternative sentence of a fine of one thousand dollars or imprisonment for two years. At this point, counsel for Simring, who had expressed doubt as to his authority to enter a plea of guilty in his client's absence, agreed with the solicitor to consent to a verdict of guilty as to the first count. The following is from the transcript of the record of this phase of the proceedings:

"Mr. Wolfe: In No. 6, your Honor, I would like to ask the Clerk, upon agreement with counsel, to empanel a jury as to the defendant Simon Simring. If you will call twelve men and put them in the box. A plea will be offered as to the defendant Estes, your Honor.

"The Court: Now in order that this record might be clear, I want it to be entered in the record that by agreemnt of counsel the motion of the defendant for a continuance is withdrawn and the defendant's attorney appears here for him and consents to a trial upon the empanelling of a jury, to a verdict of guilty on the first count. I rule that this is an offense where the defendant can be present either in person or through his counsel, and if he has counsel he can consent to it".

Accordingly, a jury having been sworn, the following verdict was rendered and published: "By express consent of the attorneys for Simon Simring, we find the defendant guilty of count one".

To quote further from the record at this point:

"The Court: It is my view under the law that in a case of this kind the defendant does not have to come here so long as he is represented by counsel and counsel represents him. If I am correct in that, of course, it would not be necessary to issue a bench warrant if you have him appear here or you appear here for him and see that the order of the court is carried out. I think that is all that is sufficient. For

that reason I said if you appear here for him, I don't think I would be justified in issuing a rule to estreat the bond. I am going to enter a sealed sentence. I don't know that that is necessary".

Thereupon the defendant was sentenced, *in absentia,* to be confined at hard labor for two years or to pay a fine of one thousand dollars.

"Mr. Wolfe: If your Honor pleases, to protect the rights of the State, would I be entitled to a bench warrant?

"The Court: As I said just now, I don't think it would be necessary for a bench warrant if the defendant produces and carries out the sentence.

"Mr. Wolfe: I would like to be protected as to that. I would like for the record to show that he was called three times at the door and failed to appear.

"The Court: I understand if he does not appear within a reasonable time, you can move before me at any time for a bench warrant. * * *

"Mr. Hydrick: Would your Honor give me thirty or sixty days in which to have the defendant comply with the affair and subject himself to the judgment of the court under the circumstances?

"The Court: I am not going to give you any specific time. I am expecting him to appear here within a very short time and if he doesn't appear and the motion is made for a bench warrant, I will issue the bench warrant unless he shows he is physically unable to appear."

After the court had adjourned for the week and the trial judge had returned to his home in Newberry, he issued the following order, dated September 23, 1955:

"At the conclusion of the trial in this case the State moved for a rule to estreat the bond of the defendant and for the issuance of a bench warrant to compel his attendance for the enforcement of the sentence of the court. The defendant while not present at any time during the term, was represented by counsel, and I was doubtful as to whether or not the motions

of the State should be granted in view of the fact that the defendant was represented by counsel. Upon reflection I am satisfied that the State was entitled to both motions. *State v. Williams,* 84 S. C. 21, 65 S. E. 982; *State v. Rabens,* 79 S. C. 542, 60 S. E. 1110. Consequently, a rule to estreat the bond will issue and the clerk of this court is directed to issue a bench warrant for the defendant".

On September 24, the trial judge issued an order requiring the defendant and the surety on his recognizance to show cause on the first day of the next term, to wit: November 7, 1955, why the recognizance should not be estreated and judgment entered against them for the amount thereof.

On October 1, 1955, the defendant surrendered to the Sheriff of Orangeburg County, and was taken before the Clerk of Court, where in the presence of his counsel as provided in Section 17-571 of the Code of 1952, he complied with his sentence by paying the fine thereby imposed.

Hearings on the order to show cause were commenced on November 7, 1955, and concluded on December 8, 1955; and thereafter the trial judge issued his order dated December 31, 1955, estreating the recognizance and directing entry of judgment in favor of the State against the defendant and his surety in the amount of two thousand dollars. Appeal is from that order.

It is true, as was held in *State v. Rabens,* 79 S. C. 542, 60 S. E. 1110, and in *State v. Williams,* 84 S. C. 21, 65 S. E. 982, that where a defendant is under recognizance to appear before a magistrate for preliminary examination, the recognizance may be forfeited by his failure to appear in person. But that is not the issue that confronts us here. In the instant matter, the court ruled that the defendant's appearance by his counsel was sufficient; and, relying thereon, his counsel withdrew his motion for continuance and, in effect, entered a plea of guilty for his client, for the State offered no evidence and the verdict was "by express consent".

Defendant's motions for continuance on September 12 and 19 having been granted, the fact that he was not present in person on those days does not justify estreatment of his recognizance, in view of the ruling before mentioned. Nor can the State now contend that his absence on September 21, the day of the "trial", forfeited the recognizance. The right of the State here arises from contract, and is therefore subject to the doctrine of estoppel. *Powell v. Board of Commissioners of Police Ins. & Annuity Fund of State,* 210 S. C. 136, 41 S. E. (2d) 780, 1 A. L. R. (2d) 330. Whatever right it had to require the defendant to be present in person was waived by permitting his counsel to consent to a verdict of guilty. The defendant having accepted that verdict and having complied with the terms of the sentence imposed as the result thereof, the State is now estopped to contend that his appearance by counsel was not sufficient compliance with the condition of the recognizance.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.