22207

The STATE, Respondent, v. Harry T. WHITE, Defendant, and Pressly White, Surety, of whom Pressly White, Surety, is Appellant.

(325 S. E. (2d) 64)

Supreme Court

*Charles H. Williams, II* and *C. Bradley Hutto*, of *Williams & Williams*, Orangeburg, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Attys. Susan A. Lake* and *Norman Mark Rapoport*, Columbia, and *Sol. Joseph P. Mizzell, Jr.*, Orangeburg, *for respondent.*

Submitted Nov. 2, 1984.

Decided Jan. 7, 1985.

*Per Curiam:*

Appellant posted a $10,000.00 cashier's check in lieu of bond to secure his brother's release from custody pending trial. This sum was forfeited for non-compliance and final judgment was entered against appellant after a forfeiture hearing. We reverse.

Appellant posted the $10,000.00 on condition his brother, Harry White, appear for trial on August 1, 1983, on a charge of obtaining a signature by false pretense under S. C. Code Ann. § 16-13-240 (Supp. 1983). He appeared as required on August 1st but appellant was not present. The case was referred to and disposed of in magistrate's court that same day. While he was at magistrate's court, Harry White was served a second warrant charging him with disposing of property under lien in violation of S. C. Code Ann. § 36-9-319 (Supp. 1983). The magistrate continued the $10,000.00 bond originally posted by appellant and set a hearing date on the second charge for September 12, 1983.

Harry White did not appear on September 12th and a rule to show cause was issued for forfeiture of the $10,000.00. Appellant appeared at the forfeiture hearing and requested the money be returned to him because he had been given no notice of the continuance of bond. The circuit court denied his request on the ground appellant's consent was not required.

The bail order in the record with appellant's signature indicates only the offense of "obtaining signature under false pretense." On the arrest warrant for the second charge is a notation "continue present bond." There is no second bail order. It is clear from the record appellant never agreed to continue the bond to cover the second offense.

The State's right to estreatment of a bond arises from contract, *State v. Bailey*, 248 S. C. 438, 151 S. E. (2d) 87 (1966); 8 C. J. S. *Bail* § 62 (Supp. 1984). The general rule is that the court cannot redraft a bond so as to impose conditions or obligations not contemplated by the parties. 8 C. J. S. *Bail* § 64. Because appellant did not consent to continuance of the bond, we find it was not applicable to the second charge.

S. C. Code Ann. § 17-15-220 (1976) provides for the return of a sum deposited in lieu of bond "whenever the purposes for which it has been received and deposited have been accomplished." Clearly, appellant was entitled to the return of his $10,000.00 upon disposition of the only charge specified in the bail order.

Accordingly, the judgment of forfeiture is reversed and the case remanded for entry of a judgment in accordance herewith.