23268

The STATE, Respondent v. Paula K. BRAKEFIELD, In re Al Holcomb
Bonding Company, Appellant.

(396 S.E. (2d) 103)

Supreme Court

*Robert T. Williams*, Lexington, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold
M. Coombs, Jr.,* and *William Edgar Salter, III*, Columbia,
and *Solicitor Donald V. Myers*, Lexington, *for respondent.*

Heard May 31, 1990.

Decided Sept. 17, 1991.

FINNEY, Justice:

Appellant Paula K. Brakefield, In Re: Al Holcomb Bonding
Company (Holcomb), appeals from an order of bond estreat-
ment. We reverse.

Holcomb posted a $5,000 surety bond to secure the release
of Brakefield, who had been arrested on a charge of contrib-
uting to the delinquency of a minor. The bond required
Brakefield's appearance before the court on April 11, 1988,

and specified that she remain through the term, or until some disposition is made of the case, or at such other place, date and time as the court may direct.

On December 6, 1988, Brakefield failed to appear for trial, and a bench warrant was issued for her arrest. At an estreatment hearing on April 21, 1989, the judge estreated $1,000 of Holcomb's $5,000 bond.

It is uncontroverted that Holcomb took Brakefield before the court twice before December 6, 1988, and requested to be relieved of liability on the bond. On the first occasion, the court declined to incarcerate Brakefield on the ground that she was pregnant and not likely to flee the jurisdiction. The second time was during Brakefield's co-defendant's trial in absentia, but the court again refused to detain her.

Holcomb argues that his attempts to surrender Brakefield to the court prior to the date she failed to appear for trial exonerate him from liability on the bond.

The state asserts that Holcomb failed to follow established procedure in surrendering Brakefield and that the trial judge properly declined to return her to custody. According to the state, the common law provides for a bondsman to surrender the defendant to the sheriff of the county in which the defendant is charged and pay costs; citing *Breeze v. Elmore,* 38 S.C.L. (4 Rich) 1976 (1851). We disagree.

In our view, the procedure set forth by the General Assembly for surrendering defendants extends the common law to allow surrender to the court which issued the bond. Disposition of this appeal is governed by S.C.Code Ann. § 38-53-50 (1989),[1] entitled "Surrender of Defendants," which states:

> The person desiring to make a surrender of the defendant *shall obtain a copy of the undertaking and deliver it together with the defendant to the official in whose custody the defendant was at the time bail was taken or to the official into whose custody he would have been given had he been committed.* The official shall detain the de-

[1] Effective June 8, 1989, section 38-53-50 was amended to require a showing of "good cause" or nonpayment of fees for surrendering a principal, and does not direct the court to exonerate the obligor from liability. See S.C. Code Ann. § 38-53-50 (Supp. 1989). Under the prior law, the bondsman was not required to specify a reason for the surrender.

fendant in his custody and by a certificate in writing acknowledge the surrender.

Upon the presentation of the copy of the undertaking and the certificate of the official, the court before which the defendant has been held to answer or the court in which the preliminary examination, warrant, indictment, information, or appeal is pending, upon notice of three days given by the person making the surrender to the prosecuting officer of the court having jurisdiction of the offense, together with a copy of the undertakings and certificate, *shall order that the obligors be exonerated from liability of their undertakings.* If money or bonds have been deposited as bail, the money or bonds must be refunded. (Emphasis added.)

It is unclear from this record whether Holcomb delivered a copy of the undertaking on the occasions he attempted to surrender Brakefield. However, Holcomb's uncontroverted testimony at the estreatment hearing was that he requested to be relieved of liability "as the law laid out that [he] should." Moreover, we find the directive that the surety deliver the defendant "to the official in whose custody the defendant was at the time bail was taken or to the official into whose custody he would have been given had he been committed" sufficiently broad to encompass surrender to the presiding officer of the court which issued the undertaking, and should not be narrowly construed to limit delivery only to the official in charge of incarcerating defendants.[2]

We conclude that Holcomb's attempted surrender of Brakefield was in compliance with section 38-53-50, and he is entitled to be exonerated from all liability on Brakefield's appearance bond. Accordingly, the order of the circuit court is reversed, and the court is directed to enter judgment in accordance with this opinion.

Reversed.

GREGORY, C.J., and HARWELL and TOAL, JJ., concur.

CHANDLER, J., dissenting in separate opinion.

---

[2] The 1989 law (see note 1) expressly directs the surety to deliver the defendant to the appropriate judge for a determination as to whether an order of commitment should be issued.

CHANDLER, Justice (dissenting):

I disagree with the conclusion that the applicable statute permits surrender of the defendant to the court.

Under the statute, surrender is made "to the official in whose custody the defendant was at the time bail was taken or . . . into whose custody he would have been given had he been committed." S.C. Code Ann. § 38-53-50 (1989). Thereafter, upon presentation of a copy of the bond and the official's certificate acknowledging surrender, "the court before which the defendant has been held to answer or . . . in which the preliminary examination, warrant, indictment, information, or appeal is pending" orders the surety exonerated from liability under the bond. *Id.*

In my view, the "official" referred to in the statute is the law enforcement officer charged with receiving and maintaining custody of prisoners. It is this "official," not the court, in whose "custody" the defendant is "committed," and who "takes bail" when posted by the defendant or surety. *See* S.C. Code Ann. §§ 23-15-50, 24-5-10 to -170 (1989).