23741

The STATE, Respondent v. Robert Paul BOATWRIGHT, Defendant.
In re Mike T. FALLAW, d/b/a A-1 Bonding Company, Appellant.

(423 S.E. (2d) 139)

Supreme Court

*Robert T. Williams, Sr.,* of *Williams & Brink,* Lexington, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Deputy Atty. Gen. William K. Moore,* Columbia, and *Sol. Barbara R. Morgan,* Aiken, *for respondent.*

Heard May 4, 1992; Decided Nov. 16, 1992.

Reh. Den. Dec. 8, 1992.

MOORE, Justice:

This is an estreatment case. Appellant (Fallaw) appeals the order of the circuit court finding that defendant (Boatwright) violated the terms of his bond and ordering that one-half of the bond be estreated to the State. We affirm.

## FACTS

In December 1990, Boatwright was rested in Aiken County for forgery and parole violation. He was released on an appearance bond with Fallaw signing as surety for $2500. In January 1991, an arrest warrant for a parole violation was issued for Boatwright in Georgia. Boatwright subsequently was arrested in Aiken for criminal domestic violence (CDV). He pled guilty to CDV, waived extradition, and was released to Georgia authorities on March 13.

On March 18, Boatwright failed to appear when his forgery case was called in General Sessions Court in Aiken. A rule to show cause was issued and an affidavit of non-service on Boatwright states that he was incarcerated in Georgia on April 5. Fallaw was served with the rule to show cause and appeared at the estreatment hearing.

Based on his findings that Fallaw failed to show cause why he should not be held liable on the bond, the circuit court judge estreated one-half of the bond amount. The judge also ordered restitution be paid to the forgery victim from the State's portion, and dismissed the forgery charge.

## ISSUE

Did the circuit court judge err in ordering partial estreatment?

## *DISCUSSION*

South Carolina Code Ann § 17-15-20 (1985) states that an appearance bond carries certain conditions, including the defendant's appearance in court and his good behavior. South Carolina Code Ann. § 17-15-90 (1985) provides that a person who has been released on bond who willfully fails to appear in court shall, in addition to other penalties, forfeit his bond. If bond is forfeited because of ignorance or unavoidable impedi-

ment rather than willful default, the trial court may, on affidavit showing cause or excuse, remit the forfeiture in full or in part. S.C. Code Ann. § 17-15-180 (1985).

Fallaw contends that the State should be estopped from estreating any part of the bond because the release of Boatwright to Georgia prevented Boatwright from appearing in court. Fallaw argues the circuit court judge erred in estreating a portion of the bond because Boatwright's failure to appear was not willful.

This Court has not previously addressed a situation in which a defendant who has been released on bond is subsequently extradited to another state. Because bond is contractual in nature, estoppel may operate against the State or the surety in a bond arrangement. *State v. Simring,* 230 S.C. 49, 94 S.E. (2d) 9 (1956). When extradition is accomplished, the surety is no longer able to perform his obligation under the contract to deliver the defendant to court. Accordingly, the surety should be released from liability when estreatment is ordered for nonappearance after defendant has been extradited.

Nevertheless, it is the contract that provides the basis for the State's right to bond estreatment. *State v. McIntyre,* — S.C. —, 415 S.E. (2d) 399 (1992). Here, the record reflects that the circuit judge found, as Fallaw conceded, that Boatwright breached the condition of good behavior. This condition was clearly set forth in the standard bond form that Fallaw signed. Our disposition of this case is therefore different than it would be if Boatwright's nonappearance were the basis for the estreatment.

Estreatment for a violation of the good behavior condition is proper. *State v. Workman,* 274 S.C. 341, 263 S.E. (2d) 865 (1980) (appeal bond). Boatwright pled guilty to criminal domestic violence; it is beyond dispute that he breached the condition of good behavior. *Id.* As a professional bondsman, Fallaw is certainly aware that an appearance bond carries conditions beyond the defendant's presence in court.

Relief from bond forfeiture is in the discretion of the trial court. *Id.; State v. Holloway,* 262 S.C. 552, 206 S.E. (2d) 822 (1974). Although Boatwright's failure to appear was not found to be willful, the judge held and Fallaw agreed that Boatwright otherwise breached the conditions of

his bond. The order clearly reflects that the effect of the State's extradition of Boatwright was that the judge decreased the forfeiture by half. We cannot say that the judge abused his discretion by ordering a partial estreatment, and accordingly, the order of the circuit court is affirmed.

We do not reach the propriety of the judge's *sua sponte* dismissal of the charges against Boatwright, or his order of restitution, as those questions are not properly before the Court.

Affirmed.

HARWELL C.J., concur.

CHANDLER, A.J., concurs in separate opinion.

FINNEY and TOAL, JJ., dissent in separate opinion.

CHANDLER, Justice (concurring with the majority):

I concur, fully, in the majority opinion with additional comment.

The dissent eschews that portion of the record which sustains the trial judge's estreatment of the bond.

It is correct that the Court's Estreatment Order does not specifically cite Boatwright's violation of the good behavior condition of his bond.

However, it is equally correct, in the colloquy between the Court and Fallaw, Boatwright's bondsman, that the trial judge was fully cognizant of the violation and its impact upon the Court's authority to estreat the bond, to wit:

> Ass't. Solicitor: ... the individual was initially on bond with Mr. Fallaw on a forgery charge, and before that charge was disposed of he was again arrested while he was out on bond for criminal domestic violence charge. He was placed back in jail ...
> The Court: That would be a violation of his bond though.
> Mr. Fallaw: Yes, sir.
>
>      \*    \*    \*    \*    \*    \*
>
> The fact is you were on his bond and the condition of his bond is that he'll be on good behavior and not violate the laws of this state, and he wasn't on good behavior.
>
>      \*    \*    \*    \*    \*    \*    \*

The Court finds that Robert Paul Boatwright was not in court when required to be *and* violated the condition of his bond by violating the law while Mr. Fallaw was on his bond. So the Court is going to estreat $1,250 which is one half, and that's a full and final estreatment. I'll let you off the hood [sic] for the other half of it. (Emphasis supplied.)

From the foregoing, it is clear that the judge considered both the failure to appear *and* the conviction for criminal domestic violence in determining to estreat the bond by only one-half.

TOAL, Justice:

I respectfully dissent. The overriding purpose of requiring the defendant to produce a bond before releasing the defendant from custody is to insure the defendant's appearance in court. *See State v. Workman*, 274 S.C. 341, 263 S.E. (2d) 865 (1980); *Town of Mayesville v. McCutcheon*, 205 S.C. 241, 31 S.E. (2d) 390 (1944); *Saunders v. Hughes*, 2 Bailey 504 (1831); *see also* Annotation, *Effect on Surety's Liability Under Bail Bond of Principals's Incarceration in Other Jurisdiction*, 33 A.L.R. 4th 663 (1984); 8 Am. Jur. (2d) *Bail and Recognizance* § 4 (1980); 8 C.J.S. *Bail* § 5 (1988). Bail is not a revenue measure nor is it to be forfeited to compensate victims. *See Paris v. United States*, 137 F. (2d) 300 (4th Cir. 1943). A bail bond is a contract; its terms and conditions are controlled by statute and the agreement of the parties. *State v. McIntyre*, — S.C.—, 415 S.E. (2d) 399 (1992); *State v. White*, 284 S.C. 69, 325 S.E. (2d) 64 (1985); *State v. Bailey*, 248 S.C. 438, 151 S.E. (2d) 87 (1966); *State v. Simring*, 230 S.C. 49, 94 S.E. (2d) (1956). South Carolina has long encouraged "bondsmen to enter into bail contracts, in order to facilitate the release of defendants whose guilt has yet to be determined and to relieve the state of the cost of providing for the defendants while in jail." Annotation, *Effect on Surety's Liability Under Bail Bond of Principals's Incarceration in Other Jurisdiction*, 33 A.L.R. 4th 663, 667 (1984); *see also Ham v. McLeod*, 255 S.C. 185, 178 S.E. (2d) 141 (1970); *Nichols v. Patterson*, 202 S.C. 352, 25 S.E. (2d) 155 (1943); *Barton v. Keith*, 2 Hill 537 (1835); *State v. Hill*, 3 Brev. 89, (1812).

While the defendant is released on bail, he is in the con-

structive custody of the bondsman. The bondsman always has the authority to physically remand the defendant to the custody of the jurisdiction holding the bond and relieve himself from the obligation under the bond. *State v. Brakefield*, 302 S.C. 317, 396 S.E. (2d) 103 (1990); *Wilson v. McLeod*, 274 S.C. 525, 265 S.E. (2d) 677 (1980); *State v. Holloway*, 262 S.C. 552, 206 S.E. (2d) 822 (1974); *Breeze v. Elmore*, 4 Rich. 436 (1951). Conversely, when the defendant does not appear at the appointed time and place, there is a strong presumption that the terms of the bond have been breached. *State v. Holloway*, 262 S.C. 552, 206 S.E. (2d) 822 (1974). The bond may also be estreated if the defendant breaches terms or conditions of the bond other than appearance. *See e.g. State v. Workman*, 274 S.C. 341, 263 S.E. (2d) 865 (1980).

Under South Carolina law, when the terms of the bond are breached, the bond is estreated by a conditional order. S.C. Code Ann. § 17-15-170 (1976); *Pride v. Anders*, 266 S.C. 338, 223 S.E. (2d) 184 (1976); *State v. Holloway*, 262 S.C. 552, 206 S.E. (2d) 822 (1974). The bondsman is then entitled to notice and an opportunity to be heard to show cause as to why the estreatment order should not become final. S.C. Code Ann. § 17-5-170 (1976). Because the bond has already been estreated by the conditional order, the second hearing is to determine the amount, if any, to be remitted. S.C. Code Ann. § 17-15-170 (1976); *Pride v. Anders*, 266 S.C. 338, 223 S.E. (2d) 184 (1976); *State v. Holloway*, 262 S.C. 552, 206 S.E. (2d) 822 (1974). Implicit in the bondsman's right to notice and opportunity to be heard is the right to be notified as to the reason for the forfeiture so that he may present any defenses to the estreatment which may exist.

In *Taylor v. Taintor*, 83 U.S. (16 Wall) 366, 21 L.Ed. 287 (1872), the Court identified three classes of events which require the estreated bond to be remitted to the bondsman. First, if the defendant is prevented from appearing because of an act of God. An act of God occurs, for example, when the defendant dies before performance of the bond is due. The second ground is that an act of law rendered performance impossible. *State v. Davis*, 12 S.C. 528 (1879), *rev'd sub nom Davis v. South Carolina*, 107 U.S. (17 Otto) 597, 2 S.Ct. 636, 27 L.Ed. 574 (1883), was such a case. In *Davis*, while out on bond, the defendant petitioned the federal court for habeas corpus and

removal of the case from South Carolina Circuit Court. The federal district court granted Davis' petition. When Davis failed to appear in Circuit Court, the Circuit Court estreated the bond. The South Carolina Supreme Court affirmed. The United States Supreme Court reversed, holding that South Carolina no longer had jurisdiction; and, thus, South Carolina could not lawfully estreat the bond. The third ground is that the obligee has prevented the defendant from appearing. The case at bar is within the third category.

There may also be other defenses for breach of the bond contract which required the estreated bond to be remitted in whole or part to the bondsman. *See State v. Workman*, 274 S.C. 341, 263 S.E. (2d) 865 (1980). In determining whether to remit an estreated bond, the trial judge should at least consider "(1) the purpose of the bond; (2) the nature and wilfulness of the default; (3) any prejudice or additional expense resulting to the State." *Workman*, at 343, 263 S.E. (2d) at 866. In *Workman, supra*, this Court held the trial judge abused his discretion by estreating the bond when the cited factors were considered.

Turning to the case at bar, the conditional order estreated the bond solely for the failure to appear. Thus, the bondsman had notice of only the failure to appear at the onset of the final hearing. The concurrence quotes and relies on the oral bench ruling from the final hearing in which the trial judge noted the additional grounds of bad conduct. First, the final written order adopted the conditional order which relied solely on the failure to appear to support the estreatment. Second, this oral colloquy is irrelevant to the question of whether the bondsman had adequate notice of the alternative grounds for estreatment. The concurrence completely misses the point which is that the alternative grounds were raised for the first time at the final hearing. Accordingly, the bondsman was not given adequate notice of the alternative grounds relied upon by the majority.

At the final hearing, the bondsman presented a defense to the grounds cited in the conditional order of estreatment which was the fact that South Carolina had extradited the defendant to Georgia five days prior to his required appearance. The state does not dispute this assertion. Thus, the bondsman presented a valid defense to the only grounds he had notice of

under *Taylor, supra.* To affirm the final estreatment, based on the alternative grounds raised for the first time at the final hearing, deprives the bondsman of a meaningful right to notice and opportunity to be heard. I would note that since the bondsman received no notice of the breach of good behavior condition of the bond, the *Workman* factors were neither argued nor considered by the trial judge.

Further, the trial judge committed clear error when he dismissed the charges against the defendant and when he ordered a portion of the bond paid to the victim. The judge was without authority to dismiss the charges against the defendant and order the bond estreated to compensate the victim.

The majority, by its opinion today, contravenes well-settled principles of bail and surety recognized in this State since at least 1812. *See State v. Hill,* 3 Brev. 89 (1812). Even more troubling, the majority opinion contravenes well-established law as declared in *Taylor v. Taintor,* 83 U.S. (16 Wall) 366, 21 L.Ed. 287 (1872) by affirming an order estreating a bond for the stated reason of defendant's failure to appear when the actions of the state made appearance impossible. I would reverse.

FINNEY, A.J., concurs.