THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte:  Reliable Bonding
 Company,        Appellant,
In Re:  The State,       
Respondent,
 
 
 

v.

 
 
 
Rodney Sullivan,       
Defendant.
 
 
 

Appeal From Greenville County
John W. Kittredge, Circuit Court Judge

Unpublished Opinion No. 2003-UP-620
Submitted August, 20, 2003  Filed 
 October 21, 2003

AFFIRMED

 
 
 
M. Rita Metts, of Irmo, for Appellant.
Assistant Solicitor Kristin M. Winn, of Greenville, for 
 Respondent.
 
 
 

PER CURIAM:  Reliable Bonding Company (Reliable) appeals from the circuit 
 court judges order for the estreatment of a $5,000 surety bond which was posted 
 by Reliable.  We affirm [1] pursuant to S.C. Code Ann. § 
 14-8-250 (Supp. 2002), Rule 220(b), SCACR, and the following authorities: State 
 v. Boatwright, 310 S.C. 281, 423 S.E.2d 139 (1992) (stating relief from 
 bond forfeiture is in the discretion of the trial court); S.C. Code Ann. § 17-15-170 
 (2003) (Whenever the recognizance is forfeited by noncompliance with its condition, 
 the Attorney General, solicitor, magistrate, or other person acting for him 
 immediately shall issue a notice to summon every party bound in the forfeited 
 recognizance to appear at the next ensuing court to show cause, if he has any, 
 why judgment should not be confirmed against him. If any person so bound fails 
 to appear or, upon appearing, does not give a reason for not performing the 
 condition of the recognizance as the court considers sufficient, then the judgment 
 on the recognizance is confirmed. A magistrate may confirm judgments of not 
 more than the maximum fine allowable under Section 22-3-550 in addition to assessments.); 
 S.C. Code Ann. § 38-53-70 (Supp. 2002) (If a defendant fails to appear at a 
 court proceeding to which he has been summoned, the court must issue a bench 
 warrant for the defendant. If the surety fails to surrender the defendant or 
 place a hold on the defendant's release from incarceration, commitment, or institutionalization 
 within thirty days of the issuance of the bench warrant, the bond shall be forfeited. 
 At any time before execution is issued on a judgment of forfeiture against a 
 defendant or his surety, the court may direct that the judgment be remitted 
 in whole or in part, upon conditions as the court may impose, if it appears 
 that justice requires the remission of part or all of the judgment. In making 
 a determination as to remission of the judgment, the court shall consider the 
 costs to the State or any county or municipality resulting from the necessity 
 to continue or terminate the defendant's trial and the efforts of law enforcement 
 officers or agencies to locate the defendant. The court in its discretion may 
 permit the surety to pay the estreatment in installments for a period of up 
 to six months; however, the surety must pay a handling fee to the court in an 
 amount equal to four percent of the value of the bond. If at any time during 
 the period in which installments are to be paid the defendant is surrendered 
 to the appropriate detention facility and the surety complies with the re-commitment 
 procedures, the surety is relieved of any further liability.).
AFFIRMED.
 HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 [1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.