PREHEARING REPORT

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Robbie McFalls, as Defendant; and Tracy Bowen DBA Bonds by Geynell and Allegheny Casualty Company; Beverly Rowland DBA R&R Bail Bonding and Safety National Casualty Corp.; Anthony W. Barrett DBA Barrett Bail Bonds and Accredited Property and Casualty Insurance; Ricky Hill DBA A Available and Roche Surety and Casualty Company, Inc.; Michael Curlee DBA All Out Bail Bonding and Accredited Property and Casualty Insurance; and Terry R. Dawkins DBA Dawkins Surety Company and Accredited Property and Casualty Insurance as Sureties,
Of whom Terry R. Dawkins DBA Dawkins Surety Company is,       
Appellant.
 
 
 

Appeal From Spartanburg County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-177
Submitted March 1, 2005  Filed March 10, 2005

AFFIRMED

 
 
 
Robert T. Williams, Sr., of Lexington, for Appellant.  
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg for Respondent.
 
 
 

PER CURIAM:  Terry R. Dawkins d/b/a Dawkins Surety Company appeals the circuit courts order for partial estreatment of an appearance bond entered into on behalf of Robbie McFalls.  We affirm.[1]
FACTS
A Spartanburg County grand jury indicted McFalls for armed robbery, receiving stolen goods, and possession with intent to distribute drugs.  Dawkins agreed to act as a surety for McFalls in the amount of $50,000.  Other parties agreed to act as surety for McFalls in additional amounts totaling $250,000.  
The Dawkins bond was executed on January 20, 2003.  McFalls was required to appear in court on April 28, 2003, but did not do so.  A bench warrant was issued on April 29, 2003.  McFalls was apprehended in Florida on July 7, 2003.  
Several weeks after McFalls was captured and months after his failure to appear in court, Dawkins filed and served a motion to vacate the $50,000 bond.  The motion was filed on July 25, 2003.  A circuit court judge entered an order on August 1, 2003, granting Dawkins motion to vacate the bond.  
On August 15, 2003, a separate circuit court judge issued an order and rule to show cause to the bonding companies as to why the bond should not be estreated.  At a hearing on September 12, 2003, the circuit court orally ruled that $12,000 of Dawkins $50,000 bond should be estreated.  The court issued a written order on October 10, 2003.  
DISCUSSION
Dawkins contends the trial court abused its discretion by ordering partial estreatment after the bond had been vacated by the earlier order.  We disagree.
The primary purpose of requiring a criminal defendant to post bond is to insure his appearance at trial.  Ex Parte Polk, 354 S.C. 8, 11, 579 S.E.2d 329, 330 (Ct. App. 2003).  The surety, as guarantor of a bond, undertakes to assure such appearance at the risk of forfeiting the bond amount.  As such, the bond is a contract with the surety guaranteeing the appearance of the criminal defendant, with any penalties for breach of that contract amounting to some monetary value up to the bond amount.  State v. Boatwright, 310 S.C. 281, 283, 423 S.E.2d 139, 140 (1992).  
Whether a bond should be remitted in cases where the defendant fails to appear is vested in the trial courts discretion.  Id. at 283, 423 S.E.2d at 141; Ex Parte Polk, 354 S.C. at 11, 579 S.E.2d at 330.  The trial courts order will be overturned only upon a finding of abuse of discretion.  State v. White, 284 S.C. 69, 325 S.E.2d 64 (1985).
Dawkins argues the circuit court was without authority to estreat a portion of the $50,000 bond because he had been released as a guarantor of McFalls appearance by an order entered on August 1, 2003.  Such an argument fundamentally misunderstands the nature of the bond and liability for its contractual breach.
We first note there is a question whether Dawkins preserved this issue for appeal.  Dawkins presents this argument for the first time on appeal.  While Dawkins mentioned the order at the hearing, at no time during that hearing or in any subsequent motion to reconsider did he set forth the argument the court lacked the authority to estreat the bond because it had previously been vacated.  State v. Nichols, 325 S.C. 111, 121-22, 481 S.E.2d 118, 123 (1997) (a contemporaneous and specific objection is required to preserve an issue for appeal).  
Assuming Dawkins did preserve the issue for appeal, we are not persuaded by his argument, because by the time the bond was vacated, liability on it had already attached.
A bond is a contract guaranteeing the appearance of the defendant.  The failure to comply with the bond and appear for court creates a breach of that contract.  Under South Carolina law, when the terms of the bond are breached, the bond is estreated[.]  Boatwright, 310 S.C. at 286, 423 S.E.2d at 142 (Toal, J., dissenting).  Thus, the moment McFalls failed to appear when required, Dawkins was in breach of the bond contract and answerable for any penalty to be determined by the court.  
Dawkins argument is without merit because the breach occurred several months before the bond was vacated.  Since Dawkins liability to the State accrued at the point McFalls failed to appear for court, the bond may be estreated.  
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]        We decide this case without oral argument pursuant to Rule 215, SCACR.