**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Deangelo Mitchell, Defendant,

and

AA Ace Bail by Frances and Palmetto Surety Corp., Sureties for the Defendant, Appellants.

Appellate Case No. 2014-001516

———————————

Appeal From Charleston County
Stephanie P. McDonald, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-070
Heard January 7, 2016 – Filed February 17, 2016

———————————

**AFFIRMED**

———————————

Robert T. Williams, Sr. and Benjamin Allen Stitely, both of Williams Hendrix Steigner & Brink, PA, of Lexington, for Appellants.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of

Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:**  AA Ace Bail by Frances and Palmetto Surety Corporation (collectively, Bond Company) appeal the estreatment of an appearance recognizance bond issued to secure the release of Deangelo Mitchell pending trial. Bond Company argues the estreatment was improper because its obligation under the bond was satisfied when Bond Company produced Mitchell for his bond revocation hearing.  Further, Bond Company asserts if the estreatment was proper, the amount of the estreatment was arbitrary and capricious.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the estreatment was improper: *State v. Lara*, 386 S.C. 104, 107, 687 S.E.2d 26, 28 (2009) ("An appellate court reviews the circuit court's ruling on the forfeiture or remission of a bail bond for abuse of discretion."); S.C. Code Ann. § 17-15-20(A) (2014) (providing an "appearance bond must be conditioned on the person charged personally appearing before the court specified to answer the charge or indictment and *to do and receive what is enjoined by the court*, and not to leave the State, and *be of good behavior* toward all the citizens of the State" (emphases added)); S.C. Code Ann. § 17-15-170 (2014) (providing when the conditions of a bond are breached, the State shall seek a judgment against the parties bound by the bond); *State v. Boatwright*, 310 S.C. 281, 283, 423 S.E.2d 139, 140 (1992) ("Estreatment for a violation of the good behavior condition is proper."); *State v. Workman*, 274 S.C. 341, 343, 263 S.E.2d 865, 865-66 (1980) (affirming the estreatment of a bond for violating the good behavior condition when the defendant was convicted of an unrelated charge while on an appeal bond but remanding for reconsideration of the amount of estreatment); *Boatwright*, 310 S.C. at 282-83, 423 S.E.2d at 140-41 (finding proper a bond estreatment for violating the good behavior condition when the defendant was subsequently charged and pled guilty to an unrelated charge while on bond).

2. As to whether the estreatment amount was arbitrary and capricious: *Ex parte Polk*, 354 S.C. 8, 13, 579 S.E.2d 329, 331 (Ct. App. 2003) ("Our courts have held the following factors, at the least, should be considered in determining whether, and to what extent, the bond should be remitted: (1) the purpose of the bond; (2) the nature and willfulness of the default; [and] (3) any prejudice or additional expense resulting to the State."); *id.* at 12-13, 579 S.E.2d at 331 ("We note, however, that in determining whether any remission of the judgment is warranted,

the trial court is not limited to considering only the actual cost to the State."); *State v. Holloway*, 262 S.C. 552, 557, 206 S.E.2d 822, 824 (1974) ("[T]he burden [is on the defendant] to show lack of prejudice on the part of the State . . . ."); *Jeffers v. United States*, 588 F.2d 425, 427 (4th Cir. 1978) ("Two competing principles control remission.  First, a forfeiture should bear some reasonable relation to the cost and inconvenience to the government and the courts.  Second, if a violation of a condition of release is more than technical, the court may require a substantial forfeiture to deter not only the defendant but others from future violations." (citation omitted)).

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**