THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte: A-1 Bail Bonding Company (Surety), Appellant,
 In Re: State of South Carolina, Respondent,
 
 
 

v.

 
 
 
 Fredrick Larue, Defendant.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2005-UP-604
Submitted November 1, 2005  Filed December 1, 2005

 AFFIRMED
 

 
 
 
 Andrew F. Litvin, of Columbia, for Appellant.
 Solicitor Robert M. Ariail, and Assistant Solicitor Anderson M. Horne, both of Greenville, for Respondent.
 
 
 

PER CURIAM: This is an estreatment case.  A-1 Bail Bonding Company appeals the order of the trial court finding defendant Frederick Larue violated the terms of his bond and ordering $30,000 of the bond be estreated to the State.  We affirm.[1]
FACTS
On October 2, 2003, A-1 Bail Bonding signed an appearance bond in the amount of $50,000 for Defendant Fredrick Larue.  The appearance bond required him to appear when notified.  In 2004, Larues counsel made a motion to be relieved as counsel, and Larue was ordered to appear before the circuit court.  Upon his failure to appear for that hearing in May of 2004, the trial court issued a bench warrant for his arrest.  At the first estreatment hearing on October 8, 2004, the trial court gave A-1 ten additional days to secure documentation that Larue was incarcerated in another state.  On October 29, 2004, A-1 provided the trial court with information of Larues ongoing incarceration at the Joseph Hart Correctional Institute in Oklahoma, but did not produce Larue or secure his release from this institution.  Because Larue fail[ed] to appear in the Court of General Sessions when duly summoned or did not comply with the provisions of good behavior as required by the bond, the trial court ordered estreatment of the bond in the amount of $30,000 to be payable within 15 days of the date of the order.  
STANDARD OF REVIEW
Where the terms of a statute are clear and unambiguous, there is no room for construction, and the court must apply such terms according to their literal meaning.  Gentry v. Yonce, 337 S.C. 1, 13, 522 S.E.2d 137, 143 (1999).  An appellate court cannot construe a statute without regard to its plain meaning.  Brown v. South Carolina Dept of Health & Envtl. Control, 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002).  Neither may it resort to a forced interpretation in an attempt to expand or limit the scope of a statute.  Id.
LAW/ANALYSIS

A-1 claims the trial court erred in ordering forfeiture of the bond for the suretys failure to secure Larues presence at a hearing on the motion to be relieved as counsel.  We disagree.
The overriding purpose of requiring a criminal defendant to post bond before his release from custody is to insure his appearance at trial.  State v. Workman, 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980).  As guarantor, the surety on an appearance bond undertakes the risk of forfeiture in the event the defendant does not appear for trial.  Pride v. Anders, 266 S.C. 338, 341, 223 S.E.2d 184, 186 (1976).  Thus, the possible forfeiture of bond is incentive for sureties to ensure the appearance of the defendant.  The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial judge.  Workman, 274 S.C. at 343, 263 S.E.2d at 866.
Section 38-53-70 of the South Carolina Code (Supp. 2004) provides: 

 If a defendant fails to appear at a court proceeding to which he has been summoned, the court must issue a bench warrant for the defendant.  If the surety fails to surrender the defendant or place a hold on the defendants release from incarceration . . . within thirty days of the issuance of the bench warrant, the bond shall be forfeited.

(emphasis added).  In addition, section 17-15-20 of the South Carolina Code (2003) states that an appearance bond carries certain conditions, including the defendants appearance in court and his good behavior.  Estreatment for a violation of the good behavior condition is proper.  State v. Boatwright, 310 S.C. 281, 283, 423 S.E.2d 139, 140 (1992).  
It is clear the hearing on counsels motion to be relieved was an integral part of the trial proceedings.  Therefore, Larues presence at that court proceeding was vital and ordered by the court.  Furthermore, he did not notify the court of his whereabouts, as required by the contract.  Most importantly, Larue pled guilty to a crime in Oklahoma and was sentenced to 12 years imprisonment.  Therefore, it is beyond dispute that he breached the condition of good behavior.   
Unquestionably, Larues bond was legally forfeited, and the trial court properly entered judgment on the bond.  However, A-1 also claims the trial court abused its discretion in estreating the bond in the amount of $30,000.  We disagree.
Section 38-53-70 of the South Carolina Code requires the trial court to consider the costs to the State resulting from the necessity to continue or terminate the defendants trial and the efforts of law enforcement or agencies to locate the defendant.  The trial court should also consider the purpose of the bond and the nature and willfulness of the default.  Boatwright, 310 S.C. at 287, 423 S.E.2d at 142-43.  We find the trial court did not abuse its discretion in estreating the bond in the amount of $30,000.  The State presented sufficient evidence of substantial costs to the State, and the purpose of the bond was to ensure the defendants presence in court proceedings involving him.   
CONCLUSION
For the reasons stated herein, the trial courts order is 
AFFIRMED.
KITTREDGE, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.