19414

The STATE BOARD OF MEDICAL EXAMINERS, Appellant, v. William S. GANDY, M. D., Respondent.

(188 S. E. (2d) 846)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Edwin B. Brading, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

*Messrs. Wofford and Snyder,* of Greenville, *for Respondent,*

May 10, 1972.

Lewis, Justice:

This appeal arises out of action of appellant, The State Board of Medical Examiners, in revoking the license of

respondent, William S. Gandy, to practice medicine in this State.

The revocation of respondent's license to practice medicine has its background in a previous proceeding in which respondent was placed on probation. It appears that on May 25, 1963 respondent was summoned before appellant to show cause why his license should not be revoked on the following grounds:

1. Addiction to the drug or liquor habit to such a degree as to be unfit to practice medicine and surgery in the State of South Carolina.

2. Gross immorality or gross immoral conduct to such a degree as to be unfit to practice medicine and surgery in the State of South Carolina.

3. Guilty of a felony due to conviction by general court-martial with a sentence of one year and six months at hard labor and a dishonorable discharge from the United States Army.

Pursuant to the foregoing notice, a hearing was held by appellant on June 18, 1963, resulting in the revocation of respondent's license to practice medicine, with such revocation suspended for a probationary period of two years. His license to dispense narcotics was surrendered at that time, but he was otherwise permitted to continue the practice of medicine during the period of probation.

Subsequently, on May 25, 1965, respondent was noticed to show cause before appellant on June 8, 1965, why the previous suspension of the revocation of his license should not be vacated and his license revoked absolutely upon the ground that he had committed the following acts of misconduct during his period of probation:

1. Improper use of narcotics .............. 1963
2. Improper driving ...................... 1964
3. Public drunk ......................... 1964
4. Receiving and possession of stolen goods ... 1964

Following a hearing at which testimony was taken, appellant issued an order ending respondent's probation and revoking absolutely his license to practice medicine, based upon a general finding of misconduct. The circuit court subsequently affirmed the action of appellant but upon appeal to this Court, the decision was reversed and the case remanded to appellant on August 3, 1966, to make specific findings of fact on the several charges made against respondent. *State Board of Medical Examiners v. Gandy,* 248 S. C. 300, 149 S. E. (2d) 644.

Upon remand, appellant issued a written order on November 8, 1966, in which it again revoked the license of respondent and based its actions upon the following findings:

"In view of the notice of charges and proper testimony in support thereof, we have found that Dr. Gandy is guilty of receiving stolen goods and public drunkenness. The record conclusively shows such irresponsibility and failure of judgment on the part of Dr. Gandy as to violate the standards of the medical profession and constitute gross immorality under Section 56-1368, South Carolina Code of Laws, 1962. We have concluded that Dr. Gandy cannot be relied upon to exercise the responsibilities demanded of a physician . . ."

Upon review by the circuit court, the foregoing order of appellant was reversed on June 14, 1971, from which this appeal is prosecuted. In its order, the lower court concluded that the action of appellant in revoking respondent's license was based solely upon the findings that respondent was guilty of (1) receiving stolen goods and (2) public drunkenness. It was then held that there was was no evidence to sustain the charge of receiving stolen goods; and that, while there was evidence to support the charge of public drunkenness, such offense was not of sufficient gravity to constitute ground for revocation of the license to practice medicine, within the meaning of Section 56-1368, 1962 Code of Laws.

At the outset question is raised as to the scope of judicial review of the action of appellant in revoking respondent's

license to practice medicine. The issue posed is whether review is governed by the substantial evidence rule, as the statute in force at the time of appellant's decision indicates (Section 56-1368 of the 1962 Code of Laws; *Board of Bank Control v. Thomason,* 236 S. C. 158, 113 S. E. (2d) 544); or whether by *certiorari,* as provided by amendatory statutes enacted after appellant's decision but before review by the lower court (Code Sections 56-1365 and 56-1368 as amended by Act No. 1064, 1970 Acts of the General Assembly, 56 Stat. 2371). We find it unnecessary to decide the question. The result would be the same whether we are governed by the substantial evidence rule or the more limited review by *certiorari,* since we conclude that there was substantial evidence to support appellant's action.

While Section 56-1368 of the 1962 Code of Laws permits the revocation of the license of a physician for "gross immorality," this was not an initial hearing to determine whether respondent's license should be revoked upon that ground. As the result of charges of gross immorality rendering him unfit to practice medicine, respondent's license was revoked on June 18, 1963, and his license to dispense narcotics was surrendered at that time. The revocation of the license to practice medicine, other than dispensing narcotics, was suspended however and respondent was placed on probation for a period of two years. The effect of the probationary order was to permit respondent to retain his license subject to "his good behavior and satisfactory rehabilitation." Before his probationary period had ended, this proceeding was instituted to determine whether respondent's alleged misconduct during the probationary period constituted sufficient grounds for his probation to be ended and the previous license revocation put into effect.

The question therefore before appellant in this matter was not whether respondent was guilty of misconduct of sufficient gravity to justify revocation of his license. That question had already been determined when respondent was placed on probation. Instead, the question was whether re-

spondent was guilty of such misconduct during his probation as to justify revocation of his probation and enforcement of the original judgment. It is in the light of this probationary status that respondent's subsequent conduct and appellant's action must be viewed.

The suspension of the order revoking respondent's license was subject to his "good behavior" during the probationary period. *"Good behavior* is conduct authorized by or conformable to law." *State v. Miller,* 122 S. C. 468, 115 S. E. 742.

We recognize that appellant, in revoking its previous suspension of respondent's license revocation, concluded that the misconduct of respondent during probation amounted to "gross immorality." We do not need to determine however whether such misconduct amounted to that degree of culpability. It is only necessary to determine whether his conduct consituted a violation of the probationary condition of "good behavior," which, considered alone, might involve a lesser degree of culpability than "gross immorality."

If respondent violated the condition of "good behavior", the action of appellant must be sustained. The fact that appellant may have erroneously concluded that respondent's misconduct amounted to "gross immorality" does not require reversal, if such misconduct, properly characterized, although of a different character, sustained the conclusion reached by appellant. This is in accord with the established principle that a correct decision will not be disturbed because it is based on an incorrect ground. The findings and conclusions of the lower court or Board are not controlling in the determination on appeal of whether the judgment is properly supported by the evidence.

Our inquiry then is whether there was substantial evidence to support the finding of appellant that respondent violated the conditions of his probation.

Appellant made specific findings that respondent was guilty of receiving stolen goods and public drunkenness. The

lower court held that there was insufficient evidence to sustain the charge of receiving stolen goods. While there were some rather suspicious circumstances surrounding the incident, we agree with the lower court that the charge of receiving stolen goods was not established.

The lower court however held that there was ample evidence to establish public drunkenness but concluded that this offense was not of sufficient gravity to warrant the action of appellant in revoking respondent's license to practice medicine. We agree that the charge of public drunkenness is amply supported by the evidence, but disagree as to the legal effect to be given such conduct under the circumstances of this case.

It appears that on November 24, 1964, respondent was proceeding in his automobile to Greenville from Orangeburg where he had been to a ball game. His minor son was driving and two other minors were in the rear seat of the automobile. Respondent's car was stopped by officers after they had followed it, traveling at speeds from 90 to 110 miles per hour. Respondent, his son, and the other occupants of the car were arrested and placed in jail overnight. The driver (respondent's son) was fined for reckless driving and the others, including respondent, were fined for drunkenness. One of the young men did not seem to be drunk but appeared to be doped.

Upon stopping respondent's automobile, the officers found partially consumed bottles of whiskey on the seats and in the trunk. Respondent's open medical bag was found in the trunk of the car and a bottle containing over 200 phenobarbital tablets was found on the front seat with additional phenobarbital tablets laying on the seat and in the glove compartment.

While there is conflict in the testimony the foregoing facts are reasonably inferable from the record. They amply sustain the conclusion that respondent was guilty of drunkenness under circumstances which indicated a lack of responsibility

for his professional obligations. The conduct of respondent—drunk, riding in his automobile with intoxicated minors, one of whom appeared to be doped, and with phenobarbital tablets, which he was not allowed to dispense, scattered on the seat and in the glove compartment—failed to comport with standards of good behavior. Such constituted ample ground for ending his probation and enforcement of his previous license revocation.

The order of the lower court is reversed and the decision of appellant, State Board of Medical Examiners, reinstated.

Moss, C. J., and BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.