19847

The STATE, Respondent, v. Richard Kermit HOLLOWAY, and Joe Holloway, Bondsman-Appellant.

(206 S. E. (2d) 822)

*Adam Fisher, Jr., Esq.,* of *Fisher & Black,* for *Bonds-man-Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* of Columbia, and *Thomas W. Greene, Sol.,* of Greenville, for *Respondent,*

July 2, 1974.

LEWIS, Justice:

On May 13, 1973, Richard Kermit Holloway, was arrested under a warrant charging him with violations of the South Carolina Drug Act, and was released after signing a bond, in the amount of $4,200.00, to appear at the next term of the Court of General Sessions for Greenville County. The appellant, Joe Holloway, signed the bond as surety. The accused failed to appear for trial, and pursuant to an order to show cause issued on November 14, 1973, directed to him and appellant, a hearing was held, and the forfeiture of the recognizance was confirmed; but the forfeiture was remitted in the amount of $2,100.00, with judgment being entered for the balance of $2,100.00. Only appellant-surety has appealed from the foregoing judgment.

The position of appellant in the lower court was that the entire forfeiture should be remitted; and the sole question to be decided is whether the trial judge erred in refusing to grant a complete remission of the forfeiture instead of only one-half thereof.

The procedure for estreatment of bonds in criminal cases is controlled by Section 17-311, 1962 Code of Laws, *State v. Bailey,* 248 S. C. 438, 151 S. E. (2d) 87.

Section 17-311 provides that, whenever a recognizance "shall become forfeited by noncompliance with the condititon thereof," all parties bound by the recognizance shall be summoned to show cause "why judgment should not be confirmed against him." The required summons or rule was issued in this case. Appellant made an oral return thereto in which he asked that the forfeiture of the recognizance be remitted, but did not challenge the factual allegations of the summons that the accused had failed to appear in court as required by the recognizance. There was no attempt to explain the failure of the defendant to appear. Therefore, the fact that the condition of the recognizance had been breached and was thereby forfeited is not in issue.

Section 17-312, deals with remission of bond forfeitures and provides:

"If any person shall forfeit a recognizance from ignorance or unavoidable impediment and not from wilful default, the court of sessions may, on affidavit stating the excuse or cause thereof, remit the whole or any part of the forfeiture as may be deemed reasonable."

The foregoing section places the exercise of the power to grant relief from bond forfeitures within the discretion of the court; and the exercise of that discretion by the trial judge will not be set aside unless it is made to appear that it was abused. *State v. Edens*, 88 S. C. 302, 70 S. E. 609.

Under Section 17-312, relief from the bond forfeiture is permitted where it is made to appear *by affidavit* that the forfeiture resulted "from ignorance or unavoidable impediment and not from wilful default"; and the burden of establishing justification for remission of such forfeiture rests upon the applicant. The affidavit required by statute was not filed by appellant in this case, and the appeal might properly be disposed of on the basis of such failure. The fact that we dispose of this appeal on the merits, in the absence of compliance with the statute, is not to be considered a precedent as to the necessity for filing the statutory affidavit.

Although the accused did not appear for several terms of court, appellant presented him to the court at the hearing on the order to show cause in this matter. The claim for remission of the bond forfeiture rests upon (1) the fact that the accused was surrendered at the hearing; (2) appellant's assertion that he was ignorant of the fact that accused had not appeared at each term of court as required; and (3) the contention that the State was not prejudiced by the failure of the accused to timely appear.

The accused was not surrendered to the court until after he had failed to appear as required by the bond. His surrender after default did not entitle appellant,

as surety, to a remission of the forfeiture, as a matter of right. The extent of the remission, if any, to be allowed by virtue of the surrender of the defendant after default was within the discretion of the court, to be determined in the light of all of the facts and circumstances. 8 Am. Jur. (2d), Bail and Recognizance, Section 169.

Appellant also contends that the bond forfeiture should be remitted because he was ignorant of the fact that the accused had not appeared at each term of court as required by the conditions of the bond. Neither the factual nor legal basis for this contention is clear from the record.

The accused failed to appear at several terms of court. We gather that the Solicitor, as a courtesy, attempted to notify appellant by postcard as to the time when the accused was required to appear. These postcards were sent to the wrong address and were not received by appellant. Apparently appellant contends that there was some duty on the part of the State to notify him of the failure of the accused to appear and that, in the absence of such notice, the bond forfeiture should be remitted.

The bond signed by the accused and appellant required the accused to appear at the next term of the Court of General Sessions. The accused was under a legal duty to appear in accordance with the condition of the bond, without further notice to him or appellant, his surety.

There is no contention that the Solicitor promised to give the accused or the appellant further notice of the time of the accused's required appearance in court. Neither is there any claim that the accused failed to appear at court at the next term because of any ignorance of the time of his required appearance nor that he was misled thereabout. The record also fails to show any prejudice to appellant from the absence of notice to him, until several terms later, that the accused had failed to appear as required by the bond.

The fact that appellant received no notice, each time, of the failure of the accused to appear at the several terms of court in question did not require the remission of the bond forfeiture.

Finally, it is urged that the forfeiture should be remitted because there is no showing that the State was prejudiced by the failure of the accused to appear for trial. We need not decide whether such constitutes a ground for remission under the statute and, if so, under what circumstances; for assuming that it was a proper consideration, the burden was upon appellant to show lack of prejudice on the part of the State, which he failed to do.

A person charged with crime is required to appear at the time set for trial, and he can not be permitted to absent himself for any reason which he chooses. The accused offers no justification for his failure to appear and he nor his surety are in a position, in such a case, to assert that the State has suffered no prejudice. Certainly, prejudice to the State appears when a defendant, without excuse, fails to appear at the time set for trial, thereby obstructing and delaying the orderly administration of justice.

Whether the bond forfeiture in this case would be remitted, and if so, to what extent, was within the discretion of the trial judge. No abuse of discretion is shown.

Judgment affirmed.

Moss, C. J., and Bussey and Littlejohn, JJ., concur.