20187

Maud P. PRIDE, Appellant-Surety, v. James C. ANDERS, Solicitor
of the Fifth Judicial Circuit and the State of South Carolina, Re-
spondents. In re the STATE, v. Ike LOURIE et al., Defendants.

(223 S. E. (2d) 184)

*Messrs. Hemphill P. Pride, II,* and *Jessie Clark,* of *Jenkins, Perry & Pride,* Columbia, *for Appellant-surety.*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Brian P. Gibbes, Asst. Atty. Gen.* and *James C. Anders, Sol.,* of Columbia, *for Respondent.*

March 11, 1976.

LEWIS, Chief Justice.

The defendants Ike Lourie, Jose J. Robles, Denny Jones, and Shelley Bynum were charged with criminal offenses within the jurisdiction of the Court of General Sessions for Richland County. They were each released on their separate recognizance bonds signed by appellant, Mrs. Maud P. Pride, as surety, conditioned for the appearance of the defendants before the Court of General Sessions for Richland County "at the usual place of judicature in Columbia, South Carolina, on a date to be set." The defendants failed to appear for trial and their bonds were estreated and judgments against appellant, as surety, were confirmed. Only the appellant-surety has appealed. She alleges that the judgments confirmed against her should be set aside because of alleged deficiencies in the notices and hearings preliminary to the entry of judgment. The judgments against appellant were properly entered and we accordingly affirm.

Due to disagreement as to the service of the summons or rule for the estreatment of the bonds, respondent has moved to amend the appeal record by adding documents showing the proof of such service. Since the agreement of counsel, set forth in the record, clearly contemplates that the additional documents would be a part of the appeal record, this motion is granted.

In the recent case of *State v. Holloway,* 262 S. C. 552, 206 S. E. (2d) 822, we pointed out that the procedure for estreatment of bonds in criminal cases is controlled by Section 17-311 of the 1962 Code of Laws. Under that section, whenever a recognizance "shall become forfeited by non-

compliance with the condition thereof," all parties bound by the recognizance shall be summoned to show cause "why judgment should not be confirmed against him."

A summons or rule, required by Section 17-311 for the estreatment of their bonds, was issued in these cases, alleging that each of the defendants failed to appear in court when their cases were called for trial and that the recognizance in each case had become forfeited by such noncompliance. It is undisputed that the summons or rule was properly served upon the defendants and appellant, as surety.

It is also undisputed in this record that the defendants were given adequate notice of the date and time of their required appearance in court and that they failed to appear as required by their recognizance. There was no attempt to advance any legal excuse for the failure of the defendants to appear. Therefore, the fact that the condition of the recognizance in these cases had been breached and were thereby forfeited was conclusively established in the lower court and is not in issue in this appeal.

Since it was undisputed that the condition of the recognizances had been breached by the failure of the defendants to appear, the recognizances were forfeited and the liability of appellant-surety to pay the amount of the penalty then became fixed, unless relieved or exonerated by action of the court. *State v. Edens,* 88 S. C. 302, 70 S. E. 609.

While Code Section 17-312 authorizes the court to remit bond forfeitures under certain conditions, no such request was made by appellant in this case, nor any attempt made to comply with the terms of that section.

Appellant's further contention, that she was entitled to relief from the judgments because she was, admittedly, not notified of the exact time when the defendants were required to appear in court for trial, is without merit. It is argued that, since the recognizance in these cases required the ap-

pearance of the defendants "on a date to be set," it was necessary that appellant-surety be also notified of the exact date set for trial so that she could have the defendants present and that, in the absence of such notice, liability under the bond could not be enforced against her.

Notice to appellant-surety of the date later set for the appearance of defendants in court was not required to establish the surety's liability under the recognizance. No such notice was expressly required by the terms of the bond contract nor from the nature of the obligation assumed thereunder by appellant, as surety.

The defendants-principals obligated themselves, as a condition of their release, to appear in court to answer to the charges against them on a date to be later set. Appellant-surety was simply a guarantor of their appearance at the date to be set, under risk of forfeiture of the penalty of the bond. In other words, the obligation of appellant-surety was not to the State to produce defendants at the time to be later set, but was rather an obligation to answer, to the extent of the penalty, for the default of the defendants, as principals, in the event they did not appear on the date set for trial. When the defendants defaulted by their failure to appear, the liability of the appellant, as surety, became fixed.

It is undisputed that the defendants-principals failed to appear at court after notice of the time that their case would be called for trial. Since it was such default of the principals, and not of the surety in producing them at the noticed time, that determined whether the recognizance became forfeited, notice to the surety also of the time for the required appearance of the principals was unnecessary.

The lower court, in confirming judgment against appellant in each of the present cases, ordered that "said surety, Maud P. Pride, shall not act as a surety in any other case in Richland County until this judgment

is either satisfied or set aside." Appellant contends that the court was without legal authority to so prohibit her from acting as a surety. Respondent cites Section 17-300(a) to sustain the authority of the court to enter the order in question. This provides that the *court,* as a condition of release of prisoners in noncapital cases, can "require the execution of an appearance bond in a specified amount with good and sufficient surety or sureties *approved by the court."* (Emphasis added).

We do not reach the question of whether the court had authority to enter an order of the nature here involved. There was simply no issue before the court which involved the exercise of such power if the court possessed it. The sole question at issue was whether the present judgments should be confirmed against appellant, as surety. Whether she should be allowed to act as surety in other cases was not before the court and the portion of the order determining her right to do so is reversed. We do not mean to intimate, however, that the court could not consider appellant's failure to satisfy the judgments in these cases in determining her qualification to act as surety in future cases, when the question is presented.

Finally, appellant contends that the bonds were estreated without affording a hearing as required by Code Section 17-311. The obvious and conclusive answer to this contention is that it is totally without factual support in the record. Instead of denying a hearing, appellant was afforded the opportunity for a hearing on at least three occasions.

The judgment of the lower court is, accordingly, reversed in so far as it attempts to decide the right of appellant to act as surety on other bonds in the future, but in all other respects is affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.