21161

The STATE, Respondent, v. William WORKMAN, Principal, and Nannie S. Talley, Surety, Respondents of whom both are Appellants.

(263 S. E. (2d) 865)

*Thomas W. Greene* and *Jerry L. Taylor,* Greenville, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia and *Sol. William W. Wilkins, Jr.,* Greenville, *for respondent.*

February 27, 1980.

NESS, Justice:

This appeal is from an order revoking and estreating an appeal bond executed by appellant Workman as principal and appellant Talley as surety. We affirm in part and reverse in part.

On October 14, 1977, Workman was convicted of possession of certain illegal drugs and sentenced to four years, three months. He was released on a $25,000 bond pending appeal of his conviction to this Court.[1]

---

[1] Workman's conviction was affirmed. *State v. Workman,* 272 S. C. 146, 249 S. E. (2d) 779 (1978).

On May 9, 1978, Workman was charged with operating an uninsured motor vehicle and giving false information to a police officer. He failed to appear in municipal court and was convicted in his absence. The appeal bond was revoked and estreated in the sum of $10,000.00.

Appellant first asserts the trial court erred in revoking the bond. We disagree.

One of the conditions of the bond was Workman would "be of good behavior" during the pendency of his appeal. "Good behavior" has been defined as "conduct authorized by or conformable to law." *State v. Miller,* 122 S. C. 468, 475, 115 S. E. 742, 745 (1923). *See also State Board of Medical Examiners v. Gandy,* 258 S. C. 349, 188 S. E. (2d) 846 (1972). Workman failed to live up to this condition of his bond and we hold it was properly revoked.

Appellants next assert the trial court erred in estreating $10,000 of the bond. We agree.

The courts of this State are vested with discretionary power to grant relief from bond forfeitures. *State v. Holloway,* 262 S. C. 552, 206 S. E. (2d) 822 (1974); § 17-15-180, Code of Laws of South Carolina (1976). Among the factors to be considered in determining whether and to what extent relief will be granted are (1) the purpose of the bond; (2) the nature and wilfulness of the default; (3) any prejudice or additional expense resulting to the State. *United States v. Parr,* 594 F. (2d) 440 (5th Cir. 1979); *Jeffers v. United States,* 588 F. (2d) 425 (4th Cir. 1978); *State v. Holloway, supra.*

The purpose of an appeal bond in a criminal case is to allow the defendant to go free during the pendency of the appeal while assuring his presence upon affirmance of his conviction or as the court may otherwise direct. 8 C. J. S. Bail § 65, p. 191. Even assuming Workman acted wilfully when he breached the good behavior condition of his bond, those offenses bore no relation to the offenses for which he had been convicted and the State was not preju-

diced thereby. Compare *State v. Holloway, supra; Jeffers, supra.* Moreover, the surety was Workman's aunt rather than a commercial bondsman who may be presumed to be more aware of the extent of his undertaking. *See U. S. v. Bass,* 573 F. (2d) 258 (5th Cir. 1978). Under these circumstances, we hold the amount estreated was so excessive as to constitute an abuse of the trial court's discretion.

The revocation of Workman's bond is affirmed and the case remanded for reconsideration of the amount to be estreated.

*Affirmed in part; reversed and remanded in part.*

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.