579 S.E.2d 329

**Ex parte Ned POLK, Jr. and York County Bail Agent, Appellants,**

**In re State of South Carolina, Respondent,**

v.

**Henry Zbigniew Bartinicki, Defendant.**

**No. 3619.**

Court of Appeals of South Carolina.

Submitted Jan. 13, 2003.

Decided March 31, 2003.

James W. Boyd, of Rock Hill, for Appellants.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Deborah R.J. Shupe, of Columbia; Daniel Dewitt Hall, of York; and Solicitor Thomas E. Pope, of York, for Respondent.

PER CURIAM:

This is a bond estreatment case. The sole issue on appeal concerns whether the trial court erred in failing to consider the cost to the State of Henry Zbigniew Bartinicki's failure to appear in court in ordering the estreatment of his bond. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

Bartinicki was arrested and charged with trafficking in cocaine, distribution of marijuana, distribution of cocaine within the proximity of a school, and distribution of marijuana within the proximity of a school. He was released on an appearance bond in the amount $37,000, with Ned Polk, Jr., of York County Bail Agent, signing as surety. Bartinicki failed to appear in court when called on April 23, 2001, September 4, 2001, and September 10, 2001. A bench warrant was issued for his arrest on September 12, 2001. He again failed to appear in court when his case was called on September 24, October 8, and October 22, 2001. On November 6, 2001, he was tried in his absence and found guilty.

The circuit court held a bond estreatment hearing on November 7, 2001. Ned Polk, Sr. appeared on behalf of York County Bail Agent in the place of his son, Ned Polk, Jr. Polk requested additional time to find Bartinicki, and requested that the bond be estreated in installments over a six month period rather than in a lump sum. In conjunction with this request, the attorney for the surety asked the court to consider the cost to the State for Bartinicki's trial, asserting the cost was less than the total amount of the bond. The trial court

declined to take the cost of the trial into account, reasoning only that Bartinicki was not yet in custody.

In a ruling from the bench and by amended order dated November 22, 2001, the court directed that if Bartinicki was produced within seven days of the hearing, the bond would not be estreated. The order further provided that, in the event Bartinicki was not produced within seven days, one-fourth of the bond would be estreated and, thereafter, one-fourth of the original amount of the bond would be estreated every month until Bartinicki was produced or the bond was exhausted. This appeal followed.

## LAW/ANALYSIS

On appeal, Polk asserts the trial court erred in failing to consider the cost to the State in reaching its decision as to estreatment. We agree.

Initially, we disagree with the State's assertion that Polk failed to raise the issue of remission to the trial court. Our reading of the record convinces us the trial judge understood the issue of remission to have been before him for consideration inasmuch as the court ruled on the issue of considering the cost to the State resulting from Bartinicki's failure to appear.

■ Further, we hold the court erred in refusing to consider the State's costs. The overriding purpose of requiring a criminal defendant to post bond before his release from custody is to insure his appearance at trial. *State v. Boatwright,* 310 S.C. 281, 285, 423 S.E.2d 139, 141 (1992) (Toal, J., dissenting). As guarantor, the surety on an appearance bond undertakes the risk of forfeiture in the event the defendant does not appear for trial. *Pride v. Anders,* 266 S.C. 338, 341, 223 S.E.2d 184, 186 (1976). Thus, the possible forfeiture of bond is incentive for sureties to ensure the appearance of the defendant. The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial judge. *State v. Workman,* 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980); *State v. Holloway,* 262 S.C. 552, 557, 206 S.E.2d 822, 824 (1974).

South Carolina Code Ann. § 38–53–70 (2002) provides:

If a defendant fails to appear at a court proceeding to which he has been summoned, the court must issue a bench warrant for the defendant. If the surety fails to surrender the defendant or place a hold on the defendant's release from incarceration, commitment, or institutionalization within thirty days of the issuance of the bench warrant, the bond shall be forfeited. At any time before execution is issued on a judgment of forfeiture against a defendant or his surety, the court may direct that the judgment be remitted in whole or in part, upon conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment. **In making a determination as to remission of the judgment, the court shall consider the costs to the State** or any county or municipality resulting from the necessity to continue or terminate the defendant's trial and the efforts of law enforcement officers or agencies to locate the defendant. The court in its discretion may permit the surety to pay the estreatment in installments for a period of up to six months. If at any time during the period in which installments are to be paid the defendant is surrendered to the appropriate detention facility and the surety complies with the re-commitment procedures, the surety shall be relieved of any further liability.

(emphasis added).

Where the terms of a statute are clear and unambiguous, there is no room for construction and the court must apply such terms according to their literal meaning. *Gentry v. Yonce*, 337 S.C. 1, 13, 522 S.E.2d 137, 143 (1999). An appellate court cannot construe a statute without regard to its plain meaning. *Brown v. South Carolina Dep't of Health & Envtl. Control*, 348 S.C. 507, 515, 560 S.E.2d 410, 414 (2002). Neither may it resort to a forced interpretation in an attempt to expand or limit the scope of a statute. *Id.*

Unquestionably, Bartinicki's bond was forfeited and the trial court properly entered judgment on the bond. However, § 38–53–70 unambiguously provides that the trial court must consider the costs to the State in determining remission of the judgment on a forfeited bond. Therefore, the trial judge abused his discretion in failing to consider the costs to the State. We note, however, that in determining whether

any remission of the judgment is warranted, the trial court is not limited to considering only the actual cost to the State. Our courts have held the following factors, at the least, should be considered in determining whether, and to what extent, the bond should be remitted: (1) the purpose of the bond; (2) the nature and wilfulness of the default; (3) any prejudice or additional expense resulting to the State. *Boatwright,* 310 S.C. at 287, 423 S.E.2d at 142–43; *Workman,* 274 S.C. at 343, 263 S.E.2d at 866.

■ In conclusion, we hold, while the decision regarding remission is within the discretion of the trial court, the court should consider, at a minimum, the costs to the State as well as the purpose of the bond and the nature and willfulness of the default in determining whether, and to what extent, a bond forfeiture should be remitted.[1]  Accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

GOOLSBY, HUFF and SHULER, JJ., concur.

---

1. In *Boatwright,* the dissent, citing *Workman,* indicated the court should "at least consider" the above three factors, suggesting that other factors may be considered as well. *Boatwright,* 310 S.C. at 287, 423 S.E.2d at 142–43.  Thus, it appears the trial court may consider the fact that the defendant, Bartinicki, was not in custody at the time of the bond estreatment hearing in determining whether, and if so to what extent, the bond should be remitted.  At any rate, this fact would clearly be appropriate for consideration in conjunction with the court's deliberation of the costs to the State.