PER CURIAM:

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ex Parte: Safety National, Surety for South Carolina Bonding Company Surety, Appellant,
 In Re: State of South Carolina, Respondent,
 v.
 Abdul Dunham, Defendant.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2006-UP-082
Submitted February 1, 2006  Filed February 10, 2006    

AFFIRMED

 
 
 
 David Lloyd Thomas, of Greenville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia, and Solicitor Robert Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this bond estreatment case, Safety National, Surety for South Carolina Bonding Company (Safety National), appeals the circuit courts order finding that Abdul Dunham violated the terms of his bond and ordering a partial estreatment of the bond to the State.  We affirm.[1]
FACTS
Dunham was arrested and charged with trafficking in crack cocaine and possession with intent to distribute marijuana.  Shortly thereafter, Dunham was released from custody when the South Carolina Bonding Company signed a $65,000 surety bond on September 30, 2002.  
On May 12, 2003, the circuit court issued a bench warrant for Dunhams arrest when, after proper notice, he failed to appear in court on that date.  On June 10, 2003, the circuit court issued a conditional order to estreat Dunhams bond unless the South Carolina Bonding Company appeared on July 11, 2003, to show cause why the bond should not be remitted in whole or in part.  At the hearing, Dunhams counsel claimed that Dunham, who lived in New Jersey, did not appear in court on the scheduled date because he did not receive a roll call notification card until after he was supposed to appear.  Counsel further explained that three days later, on May 15, 2003, Dunham appeared in court for another scheduled roll call.  Based on these circumstances, counsel argued that Dunham had complied with the conditions of his bond and, thus, the bond should not be estreated.
At the conclusion of the hearing, the circuit court ordered that $20,000 of the bond be estreated to the State on the ground Dunham failed to comply with the conditions of the bond.  This appeal followed.
DISCUSSION
Safety National asserts the circuit court erred in confirming a partial estreatment of Dunhams bond against the South Carolina Bonding Company.  In support of this assertion, Safety National argues the circuit court failed to consider the requisite factors before reaching its decision.  Additionally, Safety National contends that Dunhams failure to appear at a single roll call was insignificant given Dunham appeared three days later and the only cost incurred by the State in this case was the issuance of a bench warrant.   
Section 38-53-70 of the South Carolina Code outlines the procedure governing bond forfeitures.  This section provides:

 If a defendant fails to appear at a court proceeding to which he has been summoned, the court must issue a bench warrant for the defendant.  If the surety fails to surrender the defendant or place a hold on the defendants release from incarceration, commitment, or institutionalization within thirty days of the issuance of the bench warrant, the bond shall be forfeited.  At any time before execution is issued on a judgment of forfeiture against a defendant or his surety, the court may direct that the judgment be remitted in whole or in part, upon conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment.  In making a determination as to remission of the judgment, the court shall consider the costs to the State or any county or municipality resulting from the necessity to continue or terminate the defendants trial and the efforts of law enforcement officers or agencies to locate the defendant.  The court in its discretion may permit the surety to pay the estreatment in installments for a period of up to six months . . . . If at any time during the period in which installments are to be paid the defendant is surrendered to the appropriate detention facility and the surety complies with the re-commitment procedures, the surety is relieved of any further liability.

S.C. Code Ann. § 38-53-70 (Supp. 2005).
The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial judge.  Ex parte Polk, 354 S.C. 8, 11, 579 S.E.2d 329, 330 (Ct. App. 2003).  [T]he exercise of that discretion by the trial judge will not be set aside unless it is made to appear that it was abused.  State v. Holloway, 262 S.C. 552, 555, 206 S.E.2d 822, 823 (1974).  Among the factors to be considered in determining whether and to what extent relief will be granted are (1) the purpose of the bond; (2) the nature and wilfulness of the default; [and] (3) any prejudice or additional expense resulting to the State.  State v. Workman, 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980).
We find the circuit court did not abuse its discretion in ordering a partial estreatment of Dunhams bond.  Dunhams release on bond was conditioned upon his appearance in court on the dates set by the State.  Although Dunhams counsel claimed Dunham appeared in court on May 15, 2003, this appearance was three days after the scheduled date of May 12, 2003.  Because Dunham failed to appear on the scheduled date, he violated a condition of his bond.  See S.C. Code Ann. § 17-15-20 (2003) (Every appearance recognizance or appearance bond will be conditioned on the person charged personally appearing before the court specified to answer the charge or indictment and to do and receive what shall be enjoined by the court, and not to depart the State, and to be of good behavior toward all the citizens thereof, or especially toward any person or persons specified by the court.).
As a result of Dunhams default, Safety National became liable and, in turn, subject to forfeiture of the bond.  See Pride v. Anders, 266 S.C. 338, 341, 223 S.E.2d 184, 186 (1976) ([T]he obligation of appellant-surety was not to the State to produce defendants at the time to be later set, but was rather an obligation to answer, to the extent of the penalty, for the default of the defendants, as principals, in the event they did not appear on the date set for trial.  When the defendants defaulted by their failure to appear, the liability of the appellant, as surety, became fixed.); Ex parte Polk, 354 S.C. at 11, 579 S.E.2d at 330 (As guarantor, the surety on an appearance bond undertakes the risk of forfeiture in the event the defendant does not appear for trial.).
The question then becomes to what extent relief should have been granted due to the default.  Despite the circuit courts failure to specifically enunciate either orally or in its written order the requisite factors, we find the court properly exercised its discretion in partially estreating the bond.  We believe implicit in the courts ruling was a consideration of the factors.  First, Dunhams failure to appear at the scheduled date or at the hearing date violated the purpose of the appearance bond.  Secondly, Safety National offered no explanation as to why Dunham was not transported from New Jersey to South Carolina on the date of the bond estreatment hearing.  Finally, we reject Safety Nationals assertion that the State was not prejudiced by Dunhams failure to appear at a single roll call.   Dunhams failure to appear on May 12, 2003, in conjunction with Safety National failure to present Dunham at the hearing, created a delay for the State sufficient to constitute prejudice.  Holloway, 262 S.C. at 557, 206 S.E.2d at 824 (Certainly, prejudice to the State appears when a defendant, without excuse, fails to appear at the time set for trial, thereby obstructing and delaying the orderly administration of justice.).  Furthermore, given the circuit court only estreated $20,000 of the $65,000 bond, we find the amount estreated was not so excessive to constitute an abuse of discretion.
Accordingly, the order of the circuit court is
AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.