PER CURIAM:

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ex Parte:  Safety National, Surety for South Carolina Bonding Company Surety,
Appellant,
In Re:  State of South Carolina Respondent,
v.
Alfredo Hernandez Defendant.
 
 
 

Appeal From Greenville County
 Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2006-UP-094
Submitted February 1, 2006  Filed February 14, 2006

AFFIRMED

 
 
 
David Lloyd Thomas, of Greenville, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Robert Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  In this bond estreatment case, Safety National, Surety for South Carolina Bonding Company (Safety National), appeals the circuit courts decision ordering a partial estreatment of Alfredo Hernandezs bond.  We affirm.[1]
FACTS
Hernandez, a foreign national, was arrested in South Carolina for grand larceny.  On October 31, 2002, Hernandez was released from custody when the South Carolina Bonding Company signed a $4,000 surety bond.  
On March 26, 2003, the circuit court issued a bench warrant for Hernandezs arrest when, after proper notice, he failed to appear in court on that date.  On June 10, 2003, the circuit court issued a conditional order to estreat Hernandezs bond unless the South Carolina Bonding Company appeared on July 11, 2003, to show cause why the bond should not be remitted in whole or in part.  
At the hearing, counsel informed the court that the United States Bureau of Citizenship and Immigration Services picked up Hernandez on March 11, 2003, and ultimately deported him.  As a result, counsel argued the court should not estreat the bond because the bond company could not bring Hernandez into court on the scheduled date.  In response, the State asserted that Safety National assumed the risk of forfeiture by signing a bond for a non-citizen. 
At the conclusion of the hearing, the court estreated $2,000 of the $4,000 bond on the ground Hernandez violated the conditions of his bond.  This appeal followed.
DISCUSSION
Safety National argues the circuit court erred in partially estreating Hernandezs bond.  Because the federal government detained and deported Hernandez, Safety National contends it was impossible to bring Hernandez into court.  Thus, Safety National asserts it was no longer bound to perform its obligation under the bond contract.
Section 38-53-70 of the South Carolina Code outlines the procedure governing bond forfeitures.  This section provides:

If a defendant fails to appear at a court proceeding to which he has been summoned, the court must issue a bench warrant for the defendant.  If the surety fails to surrender the defendant or place a hold on the defendants release from incarceration, commitment, or institutionalization within thirty days of the issuance of the bench warrant, the bond shall be forfeited.  At any time before execution is issued on a judgment of forfeiture against a defendant or his surety, the court may direct that the judgment be remitted in whole or in part, upon conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment.  In making a determination as to remission of the judgment, the court shall consider the costs to the State or any county or municipality resulting from the necessity to continue or terminate the defendants trial and the efforts of law enforcement officers or agencies to locate the defendant.  The court in its discretion may permit the surety to pay the estreatment in installments for a period of up to six months . . . . If at any time during the period in which installments are to be paid the defendant is surrendered to the appropriate detention facility and the surety complies with the re-commitment procedures, the surety is relieved of any further liability.

S.C. Code Ann. § 38-53-70 (Supp. 2005).
The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial judge.  Ex parte Polk, 354 S.C. 8, 11, 579 S.E.2d 329, 330 (Ct. App. 2003).  [T]he exercise of that discretion by the trial judge will not be set aside unless it is made to appear that it was abused.  State v. Holloway, 262 S.C. 552, 555, 206 S.E.2d 822, 823 (1974).  Among the factors to be considered in determining whether and to what extent relief will be granted are (1) the purpose of the bond; (2) the nature and wilfulness of the default; [and] (3) any prejudice or additional expense resulting to the State.  State v. Workman, 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980).  If bond is forfeited because of ignorance or unavoidable impediment rather than willful default, the trial court may, on affidavit showing cause or excuse, remit the forfeiture in full or in part.  State v. Boatwright, 310 S.C. 281, 283, 423 S.E.2d 139, 140 (1992) (citing S.C. Code Ann. § 17-15-180 (1985)).
We find the circuit court did not abuse its discretion in ordering a partial estreatment of Hernandezs bond.  Hernandezs release on bond was conditioned upon his appearance in court on the date set by the State.  Because Hernandez failed to appear on the scheduled date, it is undisputed that he violated the principle condition of his bond.  Additionally, Hernandez violated the good behavior condition of the bond given he was deported.  See S.C. Code Ann. § 17-15-20 (2003) (Every appearance recognizance or appearance bond will be conditioned on the person charged personally appearing before the court specified to answer the charge or indictment and to do and receive what shall be enjoined by the court, and not to depart the State, and to be of good behavior toward all the citizens thereof, or especially toward any person or persons specified by the court.).
As a result of Hernandezs default, Safety National became liable and, in turn, subject to forfeiture of the bond.  See Pride v. Anders, 266 S.C. 338, 341, 223 S.E.2d 184, 186 (1976) ([T]he obligation of appellant-surety was not to the State to produce defendants at the time to be later set, but was rather an obligation to answer, to the extent of the penalty, for the default of the defendants, as principals, in the event they did not appear on the date set for trial.  When the defendants defaulted by their failure to appear, the liability of the appellant, as surety, became fixed.); Ex parte Polk, 354 S.C. at 11, 579 S.E.2d at 330 (As guarantor, the surety on an appearance bond undertakes the risk of forfeiture in the event the defendant does not appear for trial.).
The question then becomes to what extent relief should have been granted due to the default.  Despite the circuit courts failure to specifically enunciate either orally or in its written order the requisite factors, we find the court properly exercised its discretion in partially estreating the bond.  We believe implicit in the courts ruling was a consideration of the factors.           
First, Hernandezs failure to appear at the scheduled date or at the hearing date violated the purpose of the appearance bond.  Secondly, although Safety National claimed it could not apprehend Hernandez, it did not present any evidence to show that Hernandezs default was an uncontrollable circumstance that arose through no fault on its part.  Reyes v. State, 31 S.W.3d 343, 346 (Tex. Ct. App. 2000) (affirming trial courts order forfeiting bail bond where defendant had been deported to Mexico and did not appear in court on the scheduled date given Appellants did not establish the circumstances arose through no fault of the principal); see Hillsborough County v. Roche Surety & Cas. Co., 805 So. 2d 937, 939 (Fla. Dist. Ct. App. 2001) (ordering bond forfeited where principal had fled to Mexico when the United States Immigration and Naturalization Service had revoked his work permit and the surety did not satisfy the requirement that it substantially attempted to procure or cause the apprehension of the principal). 
Furthermore, we find Safety Nationals reliance on Taylor v. Taintor, 83 U.S. 366 (1872) and State v. Boatwright, 310 S.C. 281, 423 S.E.2d 139 (1992) is misplaced.
In Taylor, the defendant was arrested and charged for a crime committed in Connecticut.  He was then released on bond at which time he returned to New York, the state of his residence.  Shortly thereafter, he was extradited to Maine where he was tried and convicted of another charge.  Because the defendant failed to appear in court for his trial in Connecticut, the trial court forfeited the bond.  Taylor, 83 U.S. at 369.  On appeal, the surety claimed it had no notice of the charges against the defendant in Maine and, therefore, it could not be obligated on the bond because the performance of the bond had been rendered impossible.  Id.  The United States Supreme Court affirmed the decision of the trial court.  The Court found the surety was not discharged from liability given the defendants default was not effectuated by an act of the State, but rather the defendants own actions that could have been prevented by the surety.  Id. at 373.
In Boatwright, the defendant was arrested and charged with forgery.  He was subsequently released on an appearance bond.  Prior to the trial of his case, the defendant pled guilty to a charge in Georgia.  He was extradited and released from South Carolina to the Georgia authorities.  As a result, the defendant failed to appear for his forgery trial in South Carolina.  After a hearing, the circuit court estreated one-half of the bond amount.  
On appeal, the surety argued the State should have been estopped from estreating any part of the bond because the release of the defendant to Georgia prevented him from appearing in court.  Additionally, the surety asserted the circuit court erred in estreating a portion of the bond because the defendants failure to appear was not willful.  Boatwright, 310 S.C. at 283, 423 S.E.2d at 140.  Our supreme court affirmed the decision of the circuit court.  Although the court recognized that a surety should be released from liability when estreatment is ordered for non-appearance after defendant has been extradited, it relied on the fact that the bond was estreated not only for the defendants non-appearance but also for his violation of the good behavior condition of the bond.  Id. at 283, 423 S.E.2d at 140.  Thus, the court found the bond had been properly estreated due to the breach of the bond contract.  Id.  The court further concluded the circuit court did not abuse its discretion in estreating only half of the bond given the States extradition aided in preventing the defendant from appearing on the scheduled date.  Id. at 283, 423 S.E.2d at 141.
In relying on Boatwright, Safety National merely references the following statement, [w]hen extradition is accomplished, the surety is no longer able to perform his obligation under the contract to deliver the defendant to court.  Id. at 283, 423 S.E.2d at 140.  Although this quote is accurate, it does not reflect the basis for the courts decision.
In our view, the precedent established in Boatwright and Taylor supports the circuit courts decision rather than Safety Nationals argument.  The Boatwright decision stands for the proposition that bond is contractual in nature and the principle of estoppel does apply, however, any violation of the contract, i.e., the conditions of the bond, provides the States right to bond estreatment.  Taylor stands for a corollary principle that the States action must create the violation of the bond in order for the surety to be exonerated from liability.
In the instant case, it is undisputed that Hernandez, through no action of the State, violated the appearance condition and the good behavior condition of the bond.  Therefore, regardless of any government involvement in deportation, the breach of the bond contract supported the estreatment.  Moreover, as in Boatwright, the circuit court took into consideration the circumstances surrounding the detainment and deportation in deciding only to estreat one-half of Hernandezs bond.  
Turning to the final factor in bond estreatment analysis, we find the State was prejudiced by Hernandezs failure to appear on the scheduled date.  Hernandez failure to appear on March 26, 2003, in conjunction with Safety Nationals failure to present Hernandez at the hearing, created a delay for the State sufficient to constitute prejudice.  Holloway, 262 S.C. at 557, 206 S.E.2d at 824 (Certainly, prejudice to the State appears when a defendant, without excuse, fails to appear at the time set for trial, thereby obstructing and delaying the orderly administration of justice.).  Furthermore, given the circuit court only estreated $2,000 of the $4,000 bond, we find the amount estreated was not so excessive to constitute an abuse of discretion.
We acknowledge the disposition of this case may seem harsh.  However, in view of the statutory guidelines and the above-outlined precedent, we are constrained to find the circuit court did not abuse its discretion.
Accordingly, the order of the circuit court is
AFFIRMED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.