687 S.E.2d 26

The STATE of South Carolina, Appellant,

v.

Jose Luis LARA, Principal, and A–1 Bonding, Surety,

of whom A–1 Bonding is the Respondent.

No. 26745.

Supreme Court of South Carolina.

Heard Oct. 21, 2009.

Decided Nov. 30, 2009.

Attorney General Henry Dargan McMaster, Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia, for Appellant.

Everett Godfrey, Jr., of Godfrey Law Firm, of Greenville, for Respondent.

Justice WALLER.

The State appeals a circuit court holding that a $13,000.00 bond issued by Respondent, A–1 Bonding, was not estreated to the state. We reverse and remand for further proceedings.

## FACTS

On November 2005, Jose Luis Lara was arrested and charged with possession with intent to distribute (PWID) cocaine, PWID cocaine within proximity of a park, and driving without a license, 3rd offense, in Easley. He was released on a $13,000.00 surety bond which was issued by A–1 Bonding. On May 3, 2006, the solicitor's office issued notices to Lara and A–1 to appear for trial on Wednesday, May 17, 2006. When Lara failed to appear, bench warrants for his arrest were signed on that day. The bench warrant was not filed until June 26, 2006 and was actually issued on June 28, 2006.

Because the bench warrant for Lara was not issued until June 28, 2006, A–1 did not become aware of his failure to appear until July 2006.[1] Lara was brought to the detention center by A–1 on August 9, 2006, forty-two days after issuance of the warrant. The solicitor issued a Conditional Order to Estreat the bond due to Lara's failure to appear, and A–1 filed an affidavit seeking to excuse the forfeiture and remit the bond money to it.

---

1. A–1 routinely examined court documents on a monthly basis to determine whether its clients had appeared for trial.

The matter was set for a hearing on June 27, 2007. At the hearing, A–1 acknowledged it was technically in default on the bond, but requested that inasmuch as the delay was not willful, and Lara had been delivered, the bond not be estreated to the state. After a hearing, the trial court ruled the bond would not be estreated to the state. The State appeals.

## ISSUE

Did the trial court err in refusing the estreat the $13,000 bond to the state?

## DISCUSSION

S.C.Code Ann. 38–53–70 (1976) reads,[2] "If a defendant fails to appear at a court proceeding to which he has been summoned, the court must issue a bench warrant for the defendant.... If the surety fails to surrender the defendant ... **within thirty days of the issuance of the bench warrant, the bond shall be forfeited.**"[3] (Emphasis supplied).

As noted by Justice Toal in her dissenting opinion in *State v. Boatwright*, 310 S.C. 281, 423 S.E.2d 139 (1992):

Under South Carolina law, when the terms of the bond are breached, the **bond is estreated** by a conditional order. S.C.Code Ann. § 17–15–170 (1976); *Pride v. Anders*, 266 S.C. 338, 223 S.E.2d 184 (1976); *State v. Holloway*, 262 S.C.

---

2. This section was amended by 2008 Act No. 346, § 4, eff. June 25, 2008, and now allows for a **ninety** day period from issuance of the bench warrant before a bond is forfeited.

3. A trial court may require the execution of a bond in a specified amount to assure a defendant's appearance for trial. S.C.Code Ann. § 17–15–10. The bond is returned when the defendant fulfills the conditions of the bond; it is conditioned on the person charged personally appearing before the court. S.C.Code Ann. § 17–15–15, § 17–15–20. "Whenever the recognizance is forfeited by noncompliance with its condition, the ... solicitor ... shall issue a notice to summon every party bound in the forfeited recognizance to appear at the next ensuing court to show cause, if he has any, why judgment should not be confirmed against him." If no sufficient reason is given for noncompliance with the bond conditions, judgment on the recognizance is confirmed. S.C.Code Ann. § 17–15–170. Thereafter, upon affidavit sufficiently stating the excuse or cause thereof, the court may remit the whole or any part of the forfeiture as it deems reasonable. S.C.Code Ann. § 17–15–180.

552, 206 S.E.2d 822 (1974). The bondsman is then entitled to notice and an opportunity to be heard to show cause as to why the estreatment order should not become final. S.C.Code Ann. § 17–15–170 (1976). **Because the bond has already been estreated by the conditional order, the second hearing is to determine the amount, if any, to be remitted.**

310 S.C. at 286, 423 S.E.2d at 142. (Emphasis supplied).

■ The courts of this State are vested with discretionary power to grant relief from bond forfeitures. *State v. Workman,* 274 S.C. 341, 343, 263 S.E.2d 865, 866. Among the factors to be considered in determining whether and to what extent relief will be granted are (1) the purpose of the bond; (2) the nature and willfulness of the default; (3) any prejudice or additional expense resulting to the State. *Id.* The Court has long recognized that an exercise of the trial court's discretion in setting aside a bond forfeiture will not be set aside unless there has been an abuse of discretion. *State v. McClinton, supra; State v. Workman,* 274 S.C. 341, 263 S.E.2d 865 (1980); *Ex Parte Polk,* 354 S.C. 8, 579 S.E.2d 329 (Ct.App.2003); *State v. Holloway,* 262 S.C. 552, 206 S.E.2d 822 (1974); *State v. Edens,* 88 S.C. 302, 70 S.E. 609 (1911). An appellate court reviews the circuit court's ruling on the forfeiture or remission of a bail bond for abuse of discretion. *State v. McClinton,* 369 S.C. 167, 631 S.E.2d 895 (2006); *State v. Holloway.* An abuse of discretion occurs when the circuit court's ruling is based on an error of law. *Id.*

■ Here, the trial court acknowledged that bond could not be forfeited until 30 days after process, and that the time period began to run on the day the warrant was issued (June 28, 2006), which resulted in a 42 day lapse between issuance and the time Lara was brought in. However, the trial court nonetheless held A–1 had complied with the thirty day requirement; it therefore refused to estreat the bond to the state. This ruling amounts to an error of law.

A–1 conceded Lara was not brought in within the thirty day time period. As noted above, if the surety fails to surrender a defendant ... within thirty days of the issuance of the bench warrant, the bond is forfeited. S.C.Code Ann. § 38–53–70. Accordingly, all that remained for the hearing

was an opportunity for A–1 to be heard and show cause why the bond should not be forfeited and why the estreatment order should not be confirmed. S.C.Code Ann. § 17–15–170 (1976).

Notwithstanding the estreatment had already occurred, the trial court ruled A–1 had complied with the time period set forth in the statute. Contrary to this ruling, the sole issue for the trial court's determination was whether or not A–1 could demonstrate sufficient cause to remit all or part of the bond. The trial court failed to conduct any inquiry in this regard. Accordingly, we reverse the ruling of the trial court and remand the matter for further proceedings consistent with this opinion.[4]

**REVERSED AND REMANDED.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.

---

4. We also note that to the extent the trial court's ruling imposes a requirement on the solicitor to notify bond companies of the issuance of a warrant, it is in error. *State v. Holloway,* 262 S.C. at 557, 206 S.E.2d at 824 (Court rejected bail bondsman's contention that State had a duty to notify him of the failure of the accused to appear, holding "the fact that appellant received no notice, each time, of the failure of the accused to appear at the several terms of court in question did not require the remission of the bond forfeiture")