THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals 

 
 
 
 State of South
 Carolina, Respondent,
 
 
 

v.

 
 
 
 Regina Lashawn
 Jenkins, Defendant,
 Lisa M. Riddle
 representing 
 A-1 Bonding
 & Enterprises, Inc., and American Surety Company, Appellants.
 
 
 

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No.  2011-UP-542  
 Submitted November 1, 2011  Filed
December 5, 2011

AFFIRMED

 

 
 
 
 Bejamin A. Stitely, of Lexington, for
 Appellants.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General David Spencer, all of Columbia; and
 Solicitor J. Strom Thurmond, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM: A-1 Bonding & Enterprises, Inc. and
 American Surety Company, represented by Lisa M. Riddle, appeal the circuit
 court's order denying remittance of any portion of their bond upon a finding Regina
 Lashawn Jenkins failed to appear in court when summoned.  A-1 Bonding and
 American Surety argue the circuit court abused its discretion by failing to
 consider the factors set forth in Ex parte Polk, 354 S.C. 8, 579 S.E.2d
 329 (Ct. App. 2003).  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v.
 Lopez, 352 S.C. 373, 378, 574 S.E.2d 210, 213 (Ct. App. 2002) (finding an
 issue must be raised to and ruled upon by the circuit court in order to be
 considered on appeal); State v. Bailey, 298 S.C. 1, 5, 377 S.E.2d 581,
 584 (1989) (holding a party cannot argue one ground at trial and then an
 alternative ground on appeal); Duncan v. CRS Sirrine Eng'rs, Inc., 337
 S.C. 537, 543-44, 524 S.E.2d 115, 119 (Ct. App. 1999) (holding a party's
 arguments were not preserved for appeal because the party did not raise the
 issue to the circuit court, the circuit court did not rule on the issue, and
 the party failed to file a Rule 59(e), SCRCP, motion); Noisette v. Ismail,
 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding an issue not preserved when
 the circuit court did not explicitly rule on a question and the appellant
 failed to make a Rule 59(e), SCRCP, motion to alter or amend the judgment on
 that ground).
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.