**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State of South Carolina, Respondent,

v.

Julie Ann Getson, Defendant, Christy Nimau, Georgia-Carolina Enterprises, Inc., Surety, and Accredited Insurance Co., Insurance Company,

Of which Georgia-Carolina Enterprises, Inc. is the Appellant.

Appellate Case No. 2016-000140

Appeal From Aiken County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2016-UP-468
Submitted October 1, 2016 – Filed November 9, 2016

**AFFIRMED**

Aaron G. Walsh, of WalshLaw, PA, of Aiken, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Polk v. Bartinicki*, 354 S.C. 8, 11, 579 S.E.2d 329, 330 (Ct. App. 2003) ("The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial [court]."); *State v. McClinton*, 369 S.C. 167, 170, 631 S.E.2d 895, 896 (2006) ("An appellate court reviews the [trial] court's ruling on the forfeiture or remission of a bail bond for abuse of discretion."); *State v. Lara*, 386 S.C. 104, 107, 687 S.E.2d 26, 28 (2009) ("An abuse of discretion occurs when the [trial] court's ruling is based on an error of law."); S.C. Code Ann. § 38-53-70 (2015) ("At any time before execution is issued on a judgment of forfeiture against a defendant or his surety, the [trial] court may direct that the judgment be remitted in whole or in part, upon conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment. In making a determination as to remission of the judgment, the [trial] court shall consider the costs to the State or a county or municipality resulting from the necessity to continue or terminate the defendant's trial and the efforts of law enforcement officers or agencies to locate the defendant."); *Polk*, 354 S.C. at 13, 579 S.E.2d at 331 ("[South Carolina] courts have held the following factors, at the least, should be considered in determining whether, and to what extent, the bond should be remitted: (1) the purpose of the bond; (2) the nature and wil[l]fulness of the default; [and] (3) any prejudice or additional expense resulting to the State."); *State v. Hinojos*, 393 S.C. 517, 525, 713 S.E.2d 351, 355 (Ct. App. 2011) (providing a failure to address, at a minimum, the three factors set forth in *Polk* constitutes an abuse of discretion); *State v. Policao*, 402 S.C. 547, 558-59, 741 S.E.2d 774, 780 (Ct. App. 2013) (holding the trial court's determination that the costs of locating defendants, who had not appeared for court as a condition of their bond, would result in costs to the State sufficient to warrant the total estreatment of their bond amounts did not constitute an abuse of discretion).

**AFFIRMED.**[1]

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.